THE NEW-YORK AFRICAN SOCIETY FOR MUTUAL RELIEF *against*
JAMES VARICK AND OTHERS.

In debt on a
bond to the com-
*mittee,* or *trustees,*
of a corpora-
tion, *solvendum*
to the corpora-
tion by its true
name, the cor-
poration may
declare in their
own name, and
may allege, that
the bond was
made to them
by the descrip-
tion of *the com-
mittee,* &c.

THIS was an action of debt on bond, and came before the court on a general demurrer to the second count in the plaintiffs' declaration.

This count stated, that the defendants, by their certain writing obligatory, acknowledged themselves to be held and firmly bound unto the plaintiffs, by the description of the standing committee of the *New-York African Society for Mutual Relief,* in

the sum of, &c., to be paid to the plaintiffs when the defendants should be thereunto afterwards requested, with condition, that if *Daniel Barry*, one of the defendants, should well and truly observe and perform the duties enjoined upon him as treasurer of the *New-York African Society for Mutual Relief*, he having been appointed treasurer for one year, then the said obligation was to be void : the breach averred was, that *Barry* embezzled 800 dollars which he had received as treasurer, and absconded with it.

*Riker*, in support of the demurrer, cited *Gould* v. *Barnes*, 3 *Taunt. Rep.* 503.    *Taft* v. *Brewster*, 9 *Johns. Rep.* 334.

*Anthon*, contra.    He cited *Kyd on Corp.* 287.    6 *Co.* 65. *a*. 10 *Co.* 125. *b*.    3 *Wils.* 184.    *Willes's Rep.* 557.

*Per Curiam.*    This case comes before the court on a demurrer to the second count in the declaration.    The action is debt, upon a bond given by the defendants to the plaintiffs, for the faithful discharge of the duties of treasurer of the society, by *Daniel Barry*.    The declaration sets out the condition of the bond, with an averment of a breach.    The second count states, that the defendants acknowledged themselves to be held and firmly bound unto the plaintiff, by the description of the standing committee of the *New-York African Society for Mutual Relief*, &c., to be paid to the plaintiff, &c.    The ground upon which this demurrer was placed by the defendants' counsel, was, that the suit should have been in the name of the trustees, or committee, and not in the name of the corporation.    From the demurrer books, it does not appear that any trustees are named. There is no *oyer* of the bond ; and the most that can be collected from the pleadings, is a misnomer of the corporation. By the declaration, however, it appears that the *solvendum* is to the plaintiff by the true corporate name, and this is sufficient. (3 *Wils.* 184.)    Where a deed is made *to* a corporation, by a name varying from the true name, the plaintiffs may sue in their true name, and aver in the declaration, that the defendant made the deed to them, by the name mentioned in the deed.    The allegation in the declaration, that the defendants acknowledged themselves to be bound *unto the plaintiffs, by the description*, &c., is equivalent to such an averment.    (10 *Co.* 125. *b*.    1 *Kyd*

*on Corp.* 287.)    The demurrer is, therefore, not well taken, and the plaintiff is entitled to judgment.

Judgment for plaintiffs.