May Term, 1840.

LEAPHARDT v. SLOAN.

*C. Fletcher* and *O. Butler,* for the defendants.

---

JONES and Another *v.* MARTIN.—On appeal.

Thursday, May 28.

---

5b 278
Case 2
f167 594

LEAPHARDT *v.* SLOAN.

In a suit by *Jonathan Leaphardt,* the declaration alleged that the defendant, by his promissory note, promised to pay the plaintiff by the name of *Jonathan Leaphat* the sum of, &c. *Held,* that the allegation was not objectionable.

If the plaintiff allege that a promissory note was made payable to him, and on proof of the instrument it appears to have been made to another, it is no variance if the plaintiff show that he was the person really meant.

ERROR to the *Wayne* Circuit Court.

SULLIVAN, J. — Debt. The plaintiff declared that the defendant on, &c., at, &c., made his promissory note in writing, by which he promised to pay to the plaintiff, by the name of *Jonathan Leaphat*, the sum of 104 dollars and 50 cents, and then and there delivered the said note to the plaintiff, &c. General demurrer and judgment for the defendant.

If a person execute a written promise by a wrong name, he must be sued by that name. He is estopped from denying the name by which he executed the promise to be his true name. *Wooster* v. *Lyons, Nov.* term, 1838 (1). But if a promise be made to a person by a wrong name, the promisee may sue upon that promise in his right name, and aver himself to be the person intended. And a plaintiff suing upon a promissory note, which purports to be payable to a person of a different name, may show by evidence that he was the person intended. *Willis* v. *Barrett*, 2 Stark. Rep. 29.— *The New-York Af. Soc., &c.* v. *Varick et al.* 13 Johns. Rep. 38.— *Moller* v. *Lambert*, 2 Camp. 548.— *Bass* v. *Clive*, 4 M. & S. 13. *Starkie*, in his Treatise on Evidence, part 4th, page 1579, on reference to the authorities cited above, says, "if a plaintiff allege that a promissory note was made payable to him, and on proof of the instrument it appears to have been made to another, it is no variance if the plaintiff show that he was the person really meant, for that is the legal effect."

We think the declaration was sufficient, and that the demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*M. M. Ray*, for the plaintiff.
*C. H. Test*, for the defendant.

(1) Ante, p. 60.