PATTERSON, Assignee, v. GRAVES.

In a suit on a promissory note by an assignee against the maker, the declaration alleged that the promise was to pay to the order of certain persons trading under the name of *W*. and *R. P. Resor*, (but by mistake written on the face of the note *W. R.* and *P. Resor*, meaning, however, the said *W*. and *R. P. Resor;*) that *W*. and *R. P. Resor* indorsed the note, &c. *Held*, that the note, though it purported to be payable to *W. R.* and *P. Resor*, was not objectionable as evidence on the ground of variance.

ERROR to the *Montgomery* Circuit Court.

DEWEY, J.—The declaration alleges that the defendant below made his promissory note, and thereby "promised to pay to the order of certain persons, trading and doing business by the name and description of *W*. and *R. P. Resor*, (but by mistake written on the face of said note *W. R.* and *P. Resor*, meaning, however, the said *W*. and *R. P. Resor*,") &c.; that *W*. and *R. P. Resor* indorsed the note to *Tipton* and *Patterson*, who indorsed it to the plaintiff. Plea, general issue. On the trial, the plaintiff offered in evidence a note purporting to be executed by the defendant, payable to *W. R.* and *P. Resor*, indorsed by *W*. and *R. P. Resor* to *Tipton* and *Patterson*, and by them to the plaintiff. The defendant objected to the admissibility of the note, and the Court rejected it. Judgment for the defendant.

We think the Circuit Court committed an error in excluding the evidence. There was no variance between the note described in the declaration, and that produced on the trial. It is competent for the holder of a promissory note, or other instrument, to declare upon it as a promise made to himself, in a name different from his own, and to prove that he was the person intended. *Willis* v. *Barrett*, 2 Stark. 29.—*African Soc.* v. *Varick*, 13 Johns. 38. See, also, *Lasselle* v.

May Term, *Hewson,* and *Taylor* v. *Coquillard,* decided in this Court,
1841.
May term, 1839. The same principle is recognized in *Wil-*

Beeler *liamson* v. *Johnson,* 1 B. & C. 146. The instrument in

v.
Hantsch. which the mistake occurs is, of course, legal evidence, whe-
ther it be sued. on by the payee, or by another person to
whom it has been transferred.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*W. Wright,* for the plaintiff.

*R. C. Gregory,* for the defendant.