## M'KINNEY v. HARTER.

Declaration in assumpsit by *Joseph Harter*, alleging that the defendant made
his promissory note, commonly called a due-bill, by which he acknowledged
himself indebted to the plaintiff by the name of "The estate of *Thos.
Eager*, deceased," the plaintiff being the administrator of said estate, in the
sum of, &c.; and then and there delivered the same to the plaintiff. *Held*,
that the declaration was good; and that a writing agreeing with that describ-
ed in the declaration, was admissible evidence for the plaintiff.

An amendment of the declaration not affecting the merits, and which could not
prejudice the defendant in his defence, is no cause for a continuance.

APPEAL from the *Decatur* Circuit Court. <span style="float:right">*Friday,*<br>*May 30.*</span>

BLACKFORD, J.—Assumpsit brought by *Joseph Harter* on a
promissory note. The declaration alleges that the defendant
made his promissory note, commonly called a due-bill, by
which he acknowledged himself indebted to the plaintiff, by
the name and description of "The estate of *Thos. Eager*,

VOL. VII.—49

May Term,
1845.

M'KINNEY
v.
HARTER.

deceased," the plaintiff being the administrator of said estate, in the sum of, &c.; and then and there delivered the same to the plaintiff; by means whereof, &c.  Plea, non assumpsit. The declaration as originally filed contained the name of *Thos. Edgar*, and not that of *Thos. Eager*.  After issue joined, and before the trial, the plaintiff, by leave of the Court, amended the declaration by inserting the name of *Thos. Eager* instead of that of *Thos. Edgar*.  In consequence of that amendment, the defendant moved for a continuance of the cause; but the motion was overruled.  On the trial, the plaintiff offered in evidence the following writing: "$136 50. For value received, due to the estate of *Thos. Eager*, deceased, one hundred and thirty-six dollars and fifty cents; as witness my hand, 10th of *July*, 1838.—*W. A. M'Kinney.*" The evidence was objected to, but was admitted.  The cause was submitted to the Court, and judgment rendered for the plaintiff.

There was no error in refusing the continuance.  The amendment did not affect the merits of the cause, nor could it have prejudiced the defendant in his defence.  Such an amendment, made during the trial, would not have been a cause of continuance; R. S. 1843, p. 715; nor ought it to be so, when made at an earlier period.

It is contended that the due-bill offered in evidence was inadmissible, but we think otherwise.  The instrument is an acknowledgment on its face by the defendant, that a certain sum was due from him to "The estate of *Thos. Eager*, deceased;" and the declaration alleges that the defendant, by the writing, acknowledged himself indebted to the plaintiff by the name and description of "The estate of *Thos. Eager*, deceased," the plaintiff being the administrator of said estate, in the sum of, &c.  That allegation amounts to an averment, that the defendant made the due-bill to the plaintiff by the name mentioned in it.  The instrument offered in evidence agreed with its description in the declaration, and was admissible.  The plaintiff, however, could not recover without other evidence besides the due-bill.  It was necessary for him to prove that, by the words in the due-bill, "The estate of *Thos. Eager*, deceased," the plaintiff was the party intended. But he had a right to introduce the due-bill, previously to offering any other evidence.

The declaration is sufficient. The following is a similar case: Debt brought by "The *New York* African Society for Mutual Relief" against *Varick* and others. The declaration stated, that the defendants, by their writing obligatory, acknowledged themselves to be held and firmly bound unto the plaintiffs, by the description of "The standing committee of the *New York* African Society for Mutual Relief," in the sum of, &c., to be paid to the plaintiffs when, &c. Breach, &c. A demurrer to this declaration was overruled. The *New York Af. Soc. for M. R.* v. *Varick et al.* 13 Johns. 38. See, also, *Leaphardt* v. *Sloan,* 5 Blackf. 278.

*Per Curiam.*—The judgment is affirmed, with 4 *per cent.* damages and costs.

*A. Davison,* for the appellant.

*J. Ryman,* for the appellee.