Smith, J.
— “The Rev. Stat. eh. 40, § 98, p. 085, authorise the plaintiff during the progress of a trial, to amend his writ and plead *6 ings by striking out the names of one or more defendants when there are several. The defendants contend that this section was intended to apply only to actions ex delicio, but as the provision in terms embraces all actions, we can perceive no good reason for so limiting its meaning.
“ Such an amendment, at the time and in the manner it was made in this case, does not entitle the adverse party to a continuance under the statutory provisions. — R. S. ch. 40, § 231 and 232, McKinney v. Harter, 7 Blackf. 385; Paxton v. The State, 8 Id. 200; Roberts v. Ward, Id. 333.
“ We think there was no error in permitting the note to be given in evidence under the circumstances disclosed. Smith and John Hendry, having denied the execution of the note under oath, and there being no proof that Taylor was authorised to affix their signatures to it, it must be concluded that those signatures were made without authority and amount to nothing. The note must be regarded as having been made by the persons who authorised their names to be signed to it, and the fact that other names were written under theirs without authority, ought not to prevent a recovery against them. Such names may be rejected as surplusage.
“ The defendants also contend, that upon their request, the Court should have directed the 400 dollars paid to the witness, Benjamin Jones, or at least a portion of that sum, to be applied to the payment of the note sued upon. No doubt, at the time that sum was paid, the defendants had the right to direct its application to the payment of any of the notes then in the hands oí' B. F. Jones, as agent for the owners, but as they do not appear to have given any such direction, it then became competent for the several owners of the notes to direct the application, and even if they had not done so up to the time of the trial, as it is shown the plaintiff had received no part of it, tire payment to B. F. Jones was no payment to him. The plaintiff might, perhaps, upon proper proceedings being had, have compelled B. F. Jones to apply a pro rata proportion of the sum received by him to the note now sued upon, but this could not be done by either of the parties, or by the. Court, in the absence of the owners of the other notes. The general rule is, that if there had been no actual appropriation by the debtor, at or before the payment, his right to control the application is gone, but even supposing that up to the time of this trial, the money paid by the de *7 fendants remained in the hands of B. F. Jones unapplied, and that, as they contend, they still had the right to direct its application, as B. F. Jones had then parted with the note and was no longer the plaintiff’s agent for its collection, a direction to him to apply the sum received, or a part of it, in payment of the note in suit, was no payment unless he actually did at the time make such application.”
Judgment affirmed, &c.