# CARROLL,

## JULY TERM, A. D. 1857.

---

## COLBY *v.* COPP.

*If a payment is made generally to a party who holds a debt due to himself, and another due to himself and the plaintiff, he is bound, as between himself and the plaintiff, to apply the payment ratably upon the two debts.*

THE facts material to the decision of this case, as they appear upon the bill, answer and evidence, are as follows:

The defendant had in his hands a note of one Churchill for $300, payable to himself and the plaintiff, and in which they had a joint interest. He had also a note of Churchill for $60, payable to himself. He afterward purchased of Churchill a yoke of oxen at the price of. $85, and it was understood that the price should be allowed to Churchill upon his indebtedness, but nothing was said as to the manner of its application.

The defendant afterward indorsed $36, as interest upon the $300 note, and the balance, $49, upon his note of $60.

The plaintiff contends that the defendant was bound to apply the payment in discharge of the $300 note, or at least to apply it ratably in proportion to the amount due on both notes; while the defendant claims that he had the right to apply the money as he pleased, and to the payment of his own note in full, if he so chose.

*L. Sawyer*, for the plaintiff, cited *Hinsdell* v. *Murray*, 6 Vt.

Colby *v.* Copp.

136; *Messer* v. *Swan,* 4 N. H. 481; *Currier* v. *Fellows,* 7 Foster 356; *M'Cormick* v. *O'Bannon,* 3 Munf. 484.

*Copp,* for the defendant.

BELL, J.   This case brings before us the question, what are the duties of agents, trustees, partners, joint owners, and the like, in relation to the appropriation of money received by them, where they have at the same time debts due to themselves in their own right, and the care of debts or securities, either due to their principals, or *cestui que trusts,* or to their firms, or to others jointly with themselves, and payments are made by the common debtor generally, and without any designation of the accounts or claims to which he wishes them applied.

As between the party making the payment and the person receiving it in such case, the latter has the right, within a reasonable time, to apply the money to any of the claims he holds, at his discretion; *Sawyer* v. *Tappan,* 14 N. H. 352.   Though, even as between them, equitable considerations not material to be here considered, may interpose to limit the discretionary right of the party receiving the money. *Merrimack County Bank* v. *Brown,* 12 N. H. 327; *Caldwell* v. *Wentworth,* 14 N. H. 438.

In considering this question it is essential to keep in mind the distinction between the present case, where the party receiving the money stands in the relation of an agent or trustee for the party who claims it, and the case of the parties directly interested as debtor and creditor, and from the case of the creditor and the parties, who claim as sureties of the debtor.   As between the creditor and the debtor and his sureties, the creditor may have the right to apply the money which he has received from the debtor without any application made by him, to such of his debts as it may be most for his interest to have paid.   But it by no means follows that he will be entitled to make the same application when the question arises between him and those to whom he owes other duties growing out of the relation of agent or trustee.   To the debtor and his surety he stands in the relation

of creditor merely. He is not ordinarily an agent or trustee to either, and he owes to neither of them any duties but such as the law prescribes to him as a creditor. But if he holds the different claims among which he is by law entitled to make the appropriation, not in his own right but as agent or trustee for others, he owes to them the duty to make a just and reasonable application of the money according to their respective equitable claims. Equality is equity ordinarily between parties, who stand in similar relations. The general rule, therefore, clearly should be, that when an agent or trustee receives money generally, and he holds claims of different persons, to each of whom he is under the same obligations, he should apply the money ratably to the discharge of all the claims, and this obligation would be in no way affected by the circumstance that if the debts were all his own, he would have the undoubted right to apply the money to either of them at his election.

It is implied, in the very nature of an agent's or trustee's contract, that he will take the same care, at least, of the property intrusted to him that he does of his own. Jones Bail. 88 ; Edw. Bail. 372 ; *Clark* v. *Earnshaw*, Gow. 30 ; *Harris* v. *Packwood*, 3 Taunt. 264 ; Dunl. Pal. Ag. 14.

It would be a breach of good faith for a person to assume the duties of an agency, or trust, when he was at the same time bound to exercise a higher degree of diligence or care for another, without communicating that fact. By assuming such agency or trust, he agrees for the exercise of such care and diligence as careful men exercise in their own concerns. This he could not do, if he was bound to give his first attention to the interests of others, or if he was bound by his own interests to neglect the interests of those who confide in him, in ignorance of these circumstances, until he has first secured the preferred claims, or his own.

It seems, then, clear, that every agent and trustee, who has claims of his own, must be regarded as agent for himself and others, and bound to give his diligence and care equally to all the claims in his hands, and consequently to apply all moneys

paid to him without an appropriation by the debtor, to the payment of all claims in his case, whether of his own or others, in just proportion to their amounts.

The cases bearing on this question, though less numerous than might be expected, support this view. Thus in the case of *Favenc* v. *Bennett*, 11 East. 36, it was held, that where the same broker sold goods of A. and goods of B. to the same person, a general payment, if insufficient to discharge both debts, must be applied proportionably to both. So in *Barrett* v. *Lewis*, 2 Pick. 123, it was held, that if an agent, having blended a demand due to his principal with one due to himself, receives a general remittance from the debtor, it shall be applied to the payment of both in proportion. And in *Cate* v. *Trull*, 9 Pick. 325, where a debtor transmitted to his creditor a gross sum, without any appropriation, except to a single debt, which it much overpaid, and the creditor held a claim due to himself and others as joint owners of a vessel, it was held he did right, when he credited the surplus to the owners of the vessel, and that he had no right to apply it to his own share of that debt. In *Scott* v. *Ray*, 18 Pick. 360, the respondent, having a debt due to him personally, and another due to him as assignee against the same person, obtained satisfaction of the first demand, it was held that he should apply the satisfaction received to both demands *pari passu*, it being his duty to take as good care of the trust property as of his own.

These cases are cited by the authors of the American Leading Cases as authority for the position stated by them, that " the creditor may, from the relation in which he stands to third persons, or from agreements with them, express or implied, be obliged to make a particular application. Thus, if one debt be due to him in his own right, and the other to him as trustee or agent for another, neither being secured, and a general payment be made, the debts will be considered as satisfied in law and equity ratably, because a trustee is bound to take the same care of his *cestui que trusts*' interests, or of the trust property, that he does of his own." 1 Amer. Lead. Cases 288.

The case of *Carpenter* v. *Gain*, 19 N. H. 479, is not in con-

flict with this view, since there the appropriation was not questioned by the creditor, who might have claimed a ratable part of the payment, as against the attorney to whom it was made, but by the debtor who made the payment generally, and had afterward no right to direct its appropriation; and the same remark applies to the case of *Taylor* v. *Jones,* 1 Smith 5; (10 Dig. 350.)

The present case falls within this principle, and it was consequently the duty of the defendant to apply the payment of $85 ratably upon his own note and the note in which he and the plaintiff were jointly interested, and to this extent there must be a

*Decree for the plaintiff.*