# TAYLOR *vs.* STRICKLAND.

[ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *General objection to deposition.*—A separate objection to "each sentence of each deposition," is nothing more than a general objection to each deposition; and if each deposition contains some legal evidence, such objection may be overruled entirely.

2. *Mistake in payee's name in note.*—When a promissory note is, by mistake, made payable to Aaron *Formey*, instead of Aaron *Formby*, the latter may sue upon it in his own name, alleging that it was made payable to him by the name therein inserted, and may prove on the trial, by parol evidence, that he was the person intended; and his

assignee may sue in like manner, making the same averments and proof. (Overruling *Gayle v. Hudson*, 10 Ala. 116.)

APPEAL from the Circuit Court of Randolph. .
Tried before the Hon. JAMES B. MARTIN..

THIS action was brought by Wilson-. Strickland, against Jesse R. Taylor; and was founded on a promissory note, of which the following is a copy-:

" On or before the 1st of January, 1858, I, as trustee for Mary Ann Taylor and Eliza Ann Taylor, promise to pay Aaron Formey, or bearer, four hundred dollars, being balance of purchase-money for land near. Rock. Mills, in Randolph county, Alabama, value received, September 20, 1856."

(Signed) .          " JESSE R. TAYLOR." "

The amended complaint contained two counts; the first describing the note as payable to Aaron . Formby, and alleging that it was the property of the plaintiff; and the second averring, that it was made payable to Aaron Formby, by the name of Aaron *Formey*. The defendant demurred to the amended complaint, " on the ground that the note therein specified cannot be sued on, and a recovery had thereon in a court of law, before said note is reformed in a court of chancery"; and his demurrer being overruled, he pleaded the general issue, with leave to give any special . matter in evidence.

On the trial, as the bill of exceptions shows, when the plaintiff offered to read to the jury the note above copied, the court excluded it on defendant's motion. . The plaintiff then offered said note in connection with the depositions of several witnesses, who testified, in substance, to a sale of land by Aaron Formby to the defendant, and the execution of a note for $400 by the latter, for a part of the purchase- money. The defendant " objected separately to the depositions of each of said witnesses, and also objected separately to each sentence of each deposition, and also objected :

separately to the reading of said note as evidence." The court overruled each of these objections, and allowed the note and depositions to be read to the jury; and the defendant excepted.

The court charged the jury, "that, if the note sued on was made by the defendant, payable to Aaron Formby, by the name and style of Aaron Formey, and delivered to him, then the plaintiff was entitled to recover; and that, in determining whether said note was made payable to Aaron Formby, by the name of Aaron Formey, they might look to any evidence showing a sale of land by said Aaron Formby to said defendant, at the time said note was given, if there was any such evidence before them." The defendant excepted to this charge, and requested the court to instruct the jury, that they could not find for the plaintiff, although they might believe all the evidence in the cause, and although they might believe that the name of Aaron Formey was inserted in the note by mistake, instead of Aaron Formby. The court refused these charges, and the defendant excepted to their refusal.

The several rulings of the court on the pleadings and evidence, the charges given, and the refusal of the charges asked, are now assigned as error.

HEFLIN & FORNEY, for appellant, cited *Gayle v. Hudson*, 10 Ala. 116; *Mims v. Flournoy*, 17 Ala. 36; *Mims v. Shorter's Adm'r*, 18 Ala. 655; 1 Story's Equity Jur. §§ 164–5.

J. FALKNER, *contra.*

R. W. WALKER, J.—The objection "to each sentence of each deposition" was nothing more than a general objection to each deposition; and as each deposition contained some legal evidence, the objections were properly overruled.—*Milton v. Rowland*, 11 Ala. 732; *Donnell v. Jones*, 13 Ala. 490.

[2.] It is well settled, that though a promissory note, or bill of exchange, be drawn payable to a person in a wrong name, the error will not affect his title, nor destroy

his right to transfer the paper. And if a note be made to a person by a wrong name, the payee may sue upon it in his right name, alleging that the note was made payable to him by the name therein inserted; and he may show by evidence on the trial that he was the person intended. In like manner, where the suit is by an endorsee or transferree of a note purporting to be payable to Aaron *Formey*, and the complaint avers a promise to pay Aaron *Formby*, by the name of Aaron *Formey*, the plaintiff may show by evidence that Aaron Formby was the person really meant.— *Willis v. Barrett*, 2 Starkie's R. 29; *Moller v. Lambert*, 2 Campb. 548; *Leaphardt v. Sloan*, 5 Blackf. 278; *Medway Co. v. Adams*, 10 Mass. 360; *Sterry v. Robinson*, 1 Day's R. 11; *New York Af. Soc. v. Varick*, 13 Johns. 38; *Patterson v. Graves*, 5 Blackf. 593; *Jester v. Hopper*, 8 Eng. 43; *Leonard v. Wilson*, 2 Cr. & M. 589; Byles on Bills, m. p. 60; Chitty on Bills, (Am. ed. 1854, by Perkins,) m. pp. 154, 561, 566, 625; Edward on Bills, 251, 685; 1 Starkie's Ev. 472; Angell Corp. § 234. See, also, *May v. Hewitt*, 33 Ala. 166; *Alabama Coal Co. v. Brainard*, 35 Ala. 476. It follows, that there was no error in the several rulings of the court here complained of.

We will not now inquire whether the decision which was made in *Gayle v. Hudson*, (10 Ala. 116,) is consistent with the rule we have just laid down. Unless there is something in the nature of the instrument there sued on, the state of the pleadings, or the other facts disclosed, which distinguishes that case from this, and renders inapplicable the rule above declared, that decision cannot be sustained as a correct exposition of the law.

Judgment affirmed.