## CITY BANK OF KENOSHA VS. MCCLELLAN.

*Note and mortgage executed to payee &c. in wrong name: Proper form of complaint thereon—Amendment at trial—When bond takes effect—Power of president of corporation to sell choses in action.*

1. In an action upon a note and mortgage executed May 25th, 1857, and running to the Kenosha & Rockford Railroad Co., one defense was that at the date of execution no such corporation existed; the act changing the name of the Kenosha & Beloit Railroad Co. to that expressed in said instruments (approved February 14, 1857), not having been published at that time. *Held,*

City Bank of Kenosha vs. McClellan.

(1.) That the complaint would have been good if it had averred that the instruments were executed to the K. & B. Co., under the name of the K. & R. Co., said company being known then by the latter as well as by the former name.

(2.) There being sufficient evidence to sustain such an averment, the complaint should have been amended by inserting it on the trial, or even after judgment.

2. A bond purporting to be executed in the name of the Kenosha & Rockford R. R. Co., by its president and secretary, by order of the board of directors, on the 1st of July, 1857, and containing a clause assigning said note and mortgage to the obligee in said bond, was not *sold and delivered* to him until December, 1858. The act changing the name of the K. & B. Co. to that mentioned in said bond, was first published July 20th, 1857. *Held*,

(1.) That the bond was valid, and took effect as of the day of its delivery.

(2.) That the instrument itself, with proof of the official character of the persons whose names were signed thereto, was sufficient *prima facie* evidence of the president's authority to sell and transfer the note and mortgage.

APPEAL from the Circuit Court for *Kenosha* County.

Foreclosure of a mortgage made by *McClellan and wife* to the "Kenosha & Rockford Railroad Company," May 25th, 1857, to secure his note of same date. The plaintiff claimed as indorsee for value. The answer denies that the Kenosha & Rockford R. R. Co. was, at the time of the execution of the note and mortgage, a corporation duly organized, or had power to receive or to transfer said instruments at the times of their alleged delivery and transfer; and denies that the note was duly indorsed to the plaintiff. It also sets up various other defenses, which need not be stated here.

At the trial, the plaintiff put in evidence, 1. Said note and mortgage, and a bond for $1,300, purporting to be that of the railroad company, and to be under its seal, and executed by "JOSIAH BOND, President," and "LEVI BURNELL, Secretary," and to "assign and transfer" the note and mortgage, and to empower the holder of the bond to bring suit upon them, on default in payment of principal or interest of the bond, &c. The three instruments were attached together, and, by the terms of the bond, the others were declared to be transferable with it, and not otherwise. There was an indorsement on the note as follows: "The Kenosha & Rockford Railroad,

by JOSIAH BOND, President." 2. An act of the legislature, approved March 4, 1853, incorporating the Kenosha & Beloit Railroad Company; also, an act amendatory thereof, approved March 20, 1856; also, another amendatory act, approved Feb. 14, 1857, and published July 20, 1857, in the volume of private and local laws, by which it is declared that the name of the company shall be changed to the Kenosha & Rockford Railroad Company, and a change in the line of the road is authorized, and it is declared that the act shall take effect from its passage; also, an act approved March 2, 1857, authorizing the Kenosha & Rockford, R. R. Co., of this state, to consolidate with the Illinois company of the same name. 3. The testimony of Josiah Bond, that the signature to the indorsement on the note, and that to the bond, were his; that the seal on the bond was that of the Kenosha & Rockford Railroad Company; that during the whole of the year 1857, he was president of said company; that the signature purporting to be that of Mr. Burnell was genuine, and Mr. B. was acting at the time as secretary of the company; that the Kenosha & Rockford Co., under that name, built some twelve miles of the road, &c. 4. Testimony of H. B. Towslee, that, as president of the bank, plaintiff, and for it, he purchased the note and mortgage and railroad company's bond in December, 1858.

The court nonsuited the plaintiff; and he appealed from the judgment.

*O. S. & F. H. Head*, with whom was *A. S. Ordway*, of counsel, for appellant, stated that the court below held the act of February 14, 1857, to be a general law, not in force until its publication; and, therefore, held that the company named as payee and grantee in the note and mortgage was not in existence on the 25th of May, 1857, and for that reason the instruments were void. They then argued: 1. That the law was not a general law within the meaning of sec. 21, Art. VII of the constitution of this state. 2. That at least the first section,

changing the name of the company, was private in its nature, and was in force as soon as approved. Sedgw. on Con. Law, 32, note, and cases there cited. 3. That admitting the statute would be held, as an original question, to be a general law, yet upon the authority of *Havemeyer v. The Board of Supervisors of Iowa City*, 3 Wallace, 294, it must, between these parties, be held to be private and local. 4. That even admitting that the name of the company was not changed until after the publication of the act, the note and mortgage were not void, since *M'Clellan* meant to convey to that identical company. A departure from the strict style of the corporation will not avoid its contracts, if it appears what corporation was intended; and the mistake may be explained by parol evidence. A. & A. on Corp., § 234; *President &c. of B. & D. Turnpike Co. v. Myers*, 6 S. & R., 12. See also A. & A., § 99; *New York Af. Society &c. v. Varick*, 13 Johns, 38. Again, the true date of the company's bond is the time of its sale and delivery, December 18, 1858. There is no pretense that the mortgagors ever objected to the company's holding and selling the note. A re-delivery after July 20th will then be presumed in favor of a *bona fide* purchaser for value before due. *Valk v. Crandall*, 1 Sandf. Ch., 179; *Helms v. McFadden*, 18 Wis., 181; *Truman v. McCollum*, 20 id., 360. 5. As to the assignment and transfer to plaintiff, the seal of the company being affixed, and the signatures of the officers (all proven), it will be presumed that they did not exceed their authority. A. & A. on Corp., §§ 223–4; *Bank of Vergennes v. Warren*, 7 Hill, 91; *President &c. v. Myers*, 6 S. & R., 12.

*John J. McClellan* and *C. W. Bennett* (with *Chas. E. Dyer* and *Jas. S. Brown*, of counsel), for respondents, to the point that the act of February 14, 1857, was a general law, cited *State ex rel. Cothren v. Lean*, 9 Wis., 279, 289; *In re Boyle*, id., 264; *Clark v. Janesville*, 20 id., 176, 184; *Att'y Gen'l v. Foote*, 11 id., 14; *Town of Rochester v. Alfred Bank*, 13 id., 433; *West v. Blake*, 4 Blackf.,

236; *Case of Chas. Rogers*, 2 Greenl., 303; *Heridia v. Ayres*, 12 Pick., 334; Pierce R. R. Law, 122; *Nichol v. Nashville*, 9 Humph., 252; *Cotten v. Comm'rs &c.*, 6 Florida, 610; Sedgw. on Stat. and Con. Law, 31–33; *East Hartford v. Hartford Bridge Co.*, 10 How., 511; *Bass v. Fontleroy*, 11 Texas, 698; *Comm. v. Springfield*, 7 Mass., 9; *Young v. Bank*, 4 Cranch, 384. The note and mortgage, therefore, and the company's bond, being made before the publication of the act, when no such corporation as the Kenosha & Rockford R. R. Co. was in existence, are void. 2. The pleadings put in issue the *organization* of the company. The plaintiff merely undertook to prove a slight use of a franchise conferred on said company It was sworn that the company constructed some road, but no single fact was shown as to actual organization. 3. There is no proof that the officers were authorized to assign and transfer the mortgage. No authority is given them by the charter, and they could get it only from the board of directors; and it should have been shown. *Jesup v. City Bank of Racine*, 14 Wis., 331.

DOWNER, J. The Kenosha & Beloit Railroad Company was incorporated in 1853, and was afterwards duly organized, and constructed about thirteen miles of railroad. On the 14th day of February, 1857, an act of the legislature was approved by the governor, the first section of which is as follows: " The corporate name of the Kenosha & Beloit Railroad Company is changed to the Kenosha & Rockford Company, by which name it shall hereafter be known and recognized in all courts and places." On the 25th day of May, 1857, the note and mortgage set out in the complaint were made to the Kenosha & Rockford Railroad Company. The act changing the name was not published till July 20th, 1857. It is contended that the acts were public or general laws, and not in force until published; and that when the note and mortgage were made and

delivered, there was no corporation of the name mentioned therein in existence; and that they are therefore void. And so, we are informed, the circuit court decided.

1. Are the note and mortgage void for that reason? If the act changing the name was not in force at the date of the mortgage, the act incorporating the Kenosha & Beloit Railroad Company was, and that company was then an existing corporation; and if it had been averred in the complaint that the defendants made the note and mortgage to that company by the name of the Kenosha & Rockford Railroad Company, the former being known at the date of the mortgage by the latter as well as by the former name, the complaint would not have been defective. Angell & Ames on Corp., §§ 99, 234; 13 Johns., 38; 1 Kyd on Corp., 287. There is sufficient evidence to sustain such an averment. And although there is a variance between the evidence and complaint, the complaint could have been amended on the trial, or even after judgment, so as to make it conform to the evidence.

2. The point that the plaintiff had ceased to exist as a corporation, and could not therefore maintain this action, was probably made without referring to the provisions of section 8, ch. 78, R. S., under which the corporation is continued in existence for certain purposes.

3. The proof is, that the sale and delivery of the note and mortgage to the plaintiff by the railroad company were made December 18th, 1858. There is no question but that the act changing the name of the corporation was then in full force; and although the bond of the company attached to and accompanying the note and mortgage, and by which they were assigned, bears date before the 20th of July, 1857, yet such bond had no force or validity until delivered in December, 1858, and must take effect as of that date. It was under the seal of the corporation, and purports to be made by authority of its board of directors. The note is also separately indorsed in blank in .

the name of the corporation, by its president.   We are of opin-
ion that these instruments, together with proof that the persons
whose names were thereto affixed as president and secretary
were such officers of the corporation, were evidence *prima fa-
cie* sufficient, of authority on the part of the president to sell
and transfer the note and mortgage.

*By the Court.*—The judgment of the circuit court is reversed,
and the cause is remanded for further proceedings.