Okey, J.
On the trial of this case the testimony was quite conflicting. "We do not find it necessary to express any opinion as to the preponderance of the evidence. Of course the *527 plaintiff in error was entitled to recover, if Eowler and Iiumiston, at the time they executed the note sued on in this case, knew the terms upon which the note of Tyler and Eowler was held. Equally clear it certainly is, that the plaintiff in error was not entitled to recover if it concealed from the defendants in error the terms upon which it held that note, and thereby induced the execution of the note here in suit. The question is as to the liability of the defendants in error upon the assumption that without their fault, or the fault of the plaintiff in error, they were ignorant of those terms. In that case their liability should be measured by the liability of Eowler on the note executed by himself and Tyler. The requests for instructions to the jury, the refusal to charge as requested, and the charge given, in connection with the tendency of certain testimony set forth in the statement of the case, fairly present the question as to the liability of Fowler on the Tyler-Eowler note in the latter view, and require us to say whether the action of the court in that respect was or was not erroneous.
The note executed by Tyler and Eowler was what is known as an irregular instrument.- Byles on Bills (6th Am. ed.) *90 ; 1 Daniel on Neg. Inst. §§ 128,148. Although signed by both of them, its terms are, “ I promise to pay to the order of myself one thousand dollars.” Where a note signed by two or more persons is payable to the order of one of them, it becomes effectual when he writes his name upon the instrument and puts it in circulation. If it is payable, in terms, to the order of two of the makers, the same thing must be done by both of them in order to vest in the holder a legal title. A note payable to the maker’s own order is wholly void until indorsed by him and put in circulation, but it becomes by such transfer a valid promissory note in the hands of a Iona fide holder, and is, in effect, payable to bearer.
The only indorsement made upon the note of Tyler and Eowler, was that made by Tyler by writing his name on the back of the instrument. Was the court warranted in saying to the jury that, “ in order to transfer the legal title of the note, as commercial paper, the note should have been indorsed *528 by both Tyler and Fowler ? ” In our opinion this question must be answered in the negative upon three grounds.
First. Where a note the terms of which are, “ I promise to pay,” is signed by more than one person, it may be read, “We or either of us promise to pay.” Wallace v. Jewell, 21 Ohio St. 163. Here the instrument is signed by two persons, and its language is, “ I promise to pay to the order of myself one thousand dollars.” No greater violence is done to language by reading it, “ We or either of us promise to pay to the order of ourselves or either of us,” than was done in Wallace v. Jewell; and we think where such interpretation is in harmony with what seems to have been the intention of the parties, the instrument may be so read. Conner v. Routh, 7 How. (Miss.) 176 ; Boyd v. Brotherson, 10 Wend. 93; Pearson v. Stoddard, 9 Gray, 199 ; Higley v. Newell, 28 Iowa, 516.
Second. Parol evidence is inadmissible to vary the terms of a promissory note ; but where the instrument is of the class we are now considering, parol evidence may be admitted to explain it. McCrary v. Caskey, 27 Geo. 54; Taylor v. Strickland, 37 Ala. 642; Kelsey v. Hibbs, 13 Ohio St. 340. “ If you can construe an instrument by parol evidence, where that instrument is ambiguous, in such manner as not to contradict it, you are at liberty to do so.” Parke, B., in Goldshede v. Swan, 1 Welsby, H. & G. 154, 158. And Prof. Parsons says: “ Where the language of a note is capable of two meanings, parol evidence may direct the proper choice to be made between them. ” 2 Bills & N. 517.
Third. The evidence shows that when Tyler received the note from the hands of Fowler, the latter intended to invest him with power to negotiate it, and to do whatever was necessary to be done in order to transfer a legal title to the instrument. Tyler, under the circumstances, was empowered, on his own behalf and as agent for Fowler, to invest another with a legal title to the note. One may be orally authorized to indorse for another a promissory note, and where the instrument is in the form of the one under consideration, the indorsement may be made as this note was indorsed, if that was the manner *529 of indorsement contemplated by the makers. 1 Daniel on Neg. j Inst. §§ 272-308.
But the defendants in error claim that Tyler diverted the' note from the object for which it was executed, and hence Eowler, who executed the note for the accommodation of Tyler,; was discharged. The note, as we have seen, is an irregular instrument, and is payable at another bank than the plaintiff in error ; but having been indorsed in the manner stated, if there was an understanding between Eowler and Tyler that the latter had general authority to transfer the note, the instrument differs, in no legal sense, from the most formal instrument, although the plaintiff in error knew Fowler was surety. Stone v. Vance, 6 Ohio, 246; Riley v. Johnson, 8 Ohio, 526 Williams v. Bosson, 11 Ohio, 62; Clinton Bank v. Ayres, 16 Ohio, 282; Portage Co. Bank v. Lane, 8 Ohio St. 405; Erwin v. Shaffer, 9 Ohio St. 43 ; Knox Co. Bank v. Lloyd, 18 Ohio St. 353; Kingsland v. Pryor, 33 Ohio St. 19. Indeed, according to the syllabus, the transfer of such a note, even in violation of an agreement between the principal and surety, will not discharge the latter, if the indorsee had no knowledge of the agreement.
Finally, it is urged, in support of the instruction to the jury, that Tyler had no power, however fair the transaction may have been on the part of the plaintiff in error, to pledge the note as collateral security for the payment, within ten days, of a protested draft for §469.55. But the position is untenable, for there was an agreement to delay collection of the draft for the specified time. Erwin v. Shaffer, supra ; Roxborough v. Messick, 6 Ohio St. 448; 1 Daniel on Neg. Inst. §§ 829-832.
For error in refusing to charge as requested, and for error in the charge as given, in the particulars indicated in this opinion, the judgment will be reversed, and the cause remanded for a new trial.

Judgment reversed.

Boynton, J., dissented.