HERBERT M. CRAFT, S. S. AVANT AND J. N. HOLLINGSWORTH, PLAINTIFFS IN ERROR, VS. CHESTER H. SMITH AND E. MAINES WATTS, FORMER PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF SMITH & WATTS, DEFENDANTS IN ERROR.

1. It is reversable error to strike a plea substantially complete as a plea of performance of the conditions of the bond upon which the declaration is based.

2. A motion to quash a forthcoming bond in an action upon such bond is a proceeding unknown to our practice, and is properly denied.

This case was decided by Division B.

Writ of error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

Craft, et al. v. Smith and Watts—Opinion of Court.

*C. W. Forrester* (with whom was John C. White on the brief) for Plaintiffs in Error;

*Palmer & Hopkins*, for Defendants in Error.

COCKRELL, J.

The defendants in error brought an action of debt and recovered a judgment upon a forthcoming bond given by Herbert M. Craft as principal, and S. S. Avant and J. N. Hollingsworth as sureties, in an attachment proceeding ancillary to the enforcement in equity of a chattle mortgage lien. The bond as declared on is conditioned as follows: "Whereas, the said Smith & Watts have commenced a proceeding by attachment in aid of a mortgage foreclosure, and the sheriff of said county, by virtue of a writ of attachment in said cause issued, has levied upon the stock of goods, wares and merchandise belonging to the said Herbert M. Craft, and located in a store house on Oak street, in the town of Arcadia. Now if the said Herbert M. Craft shall have said stock of goods, wares and merchandise forthcoming to answer any order made in pursuance of said attachment proceedings at any time when so required, then this bond shall be void; else to remain in full force and virtue."

The declaration alleged that a final decree had been rendered for the amount of the mortgage debt and that the said Craft was ordered to make return of said goods, wares and merchandise to one Charles W. Forrester, special master in chancery.

A demurrer to the declaration was overruled, and a motion to quash the bond sued on was denied, and the defendants were allowed until the next day to plead.

Among the pleas properly verified and duly filed was one in this language, omitting the exhibit: "And for a third plea the defendants say: That none of the goods, wares and merchandise levied on under and by virtue of said attachment in aid of said mortgage foreclosure suit, were covered by said mortgage nor subject to said attachment, except the goods, wares and merchandise particularly described in 'exhibit A' hereto attached and made a part of this plea; that the final decree made and entered in said mortgage foreclosure suit on the 30th day of May, A. D. 1896, only required the defendant, Herbert M. Craft to deliver to Charles W. Forrester, a master in chancery of said court, the goods, wares and merchandise subject to said mortgage, and that in pursuance of said decree said defendant did, upon demand of said master, before the commencement of this suit, deliver to said master all of the goods, wares and merchandise levied on under said writ of attachment and covered by said mortgage, which are the same goods, &c., particularly described in 'exhibit A' hereto; without this there was no other or further order made in said cause, or in pursuance of said attachment proceedings, nor was there any other or further demand made upon said defendant to deliver up goods, wares and merchandise other than those described in said 'exhibit A'."

Upon motion of the plaintiffs the court struck said pleas from the files, and this action is assigned as error.

This court has frequently pointed out the distinction between pleas so inherently bad as liable to be stricken and such as may be wanting in fullness or explicitness of averment or otherwise subject to attack by demurrer, and the trial courts have been admonished heretofore to note this distinction. Parkhurst v. Stone, 36 Fla. 456, 18 South. Rep. 594, and cases there cited.

The plea above quoted seems to us substantially complete as a plea of performance of the condition of the bond, nor do counsel for the defendants in error point out, even in their brief filed here, any objections whatever, either to the form or substance of said plea. The striking of said plea was reversable error.

Some of the other pleas are of such character that if defective at all, these defects should be tested specifically by a demurrer. As they are not so tested in this record, we refrain from expressing an opinion thereon.

A motion to quash a forthcoming bond in an action upon such bond is a proceeding unknown to our practice and was properly denied.

No error was committed in overruling the demurer to the declaration.

For the error in granting the motion to strike the pleas, the judgment must be reversed and a new trial granted, and it will be so ordered.