F. J. HAMMOND, *Plaintiff in Error*, v. A. VETSBURG, A CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF GEORGIA, *Defendant in Error*.

1. Since, ordinarily, the holder of shares in a corporation can not at pleasure, withdraw his contribution to the capital of the corporation he cannot set off stock which he may hold against a debt which he owes the corporation.

2. There is clearly a difference between the remedies afforded by a motion to strike out a pleading and a demurrer thereto, and they should not be indiscriminately employed.

3. When a plea is not authorized by the rules of pleading, or is plainly frivolous and trifling, or when the subject matter of the plea, although accurately and technically set out according to the soundest rules of pleading, is entirely destitute of merit and fails to answer the declaration, it may be stricken out on motion.

4. A merely defective plea, one that is only wanting in fullness or explicitness or otherwise subject to attack by demurrer cannot be tested by a motion to strike from the files. The court will not decide the legal sufficiency of a plea on such a motion when a good defense is defectively stated.

6. Where interrogatories were offered in evidence an objection to each question of each witness and the answer thereto is nothing more than a general objection to each deposition, and where each deposition contains some legal evidence, the objection is properly overruled.

7. Where several rulings on the admission of testimony arc made the subject of one assignment and one of the rulings is correct, the assignment will be overruled.

8. Objections to the rulings of a referee found to be without merit.

9. Procedure before a referee examined and commended.

This case was decided by Division B.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Evans Haile,* for plaintiff in error.

*Carter & Layton,* for defendant in error.

PARKHILL, J.—The defendant in error sued the plaintiff in error in assumpsit for goods, wares and merchandise sold and delivered. The cause was by agreement tried by Hon. Thos. W. Fielding, a practicing attorney, as referee, who found for the plaintiff, and the defendant sued out a writ of error.

The defendant filed the following plea: "For a third and further plea, defendant says that the plaintiff at the commencement of this suit, was and still is indebted to the defendant herein in an amount equal to the plaintiff's claim for ten shares of capital stock in the A. Vetsburg Company, of the value of one thousand dollars, which amount defendant paid to the plaintiff for said stock, together with the sum of two hundred dollars and twenty-six dollars and forty cents interest on same due and payable to the defendant by the plaintiff, which plaintiff withholds from the defendant and which is due and owing the defendant by the plaintiff which the plaintiff refuses to pay, though often requested so to do, which amount the defendant is willing to set off against the plaintiff's claim, and for this he puts himself upon the country."

Upon motion, the court struck out the third plea, and this ruling is assigned as error.

Since, ordinarily, the holder of shares in a corporation cannot, at pleasure, withdraw his contribution to the capital of the corporation he cannot set off stock which he may hold against a debt which he owes the corporation. 25 Am. & Eng. Enc. Law (2nd ed.) 513; Harper v. Calhoun, 7 How. (Miss.) 203; Whittington v. Farmers Bank, 5 Har. & J. (Md.) 489; Lewiston Co-operative Soc. No. 1 v. Tharpe, 91 Me. 64.

There is clearly a difference between the remedies afforded by a motion to strike out a pleading and a demurrer thereto, and they should not be indiscriminately

employed. The summary disposition of pleas by motion is a delicate matter. A merely defective plea, one that is only wanting in fullness or explicitness or otherwise subject to attack by demurrer cannot be tested by a motion to strike from the files. The court will not decide the legal sufficiency of a plea on such a motion when a good defense is defectively stated. 16 Enc. Pl. & Pr. 582; Craft v. Smith, 45 Fla. 222, 33 South. Rep. 996; Hooker v. Forrester, 53 Fla. 392, 43 South. Rep. 241.

If a party files a plea not authorized by the rules of pleading, or one which is wholly unauthorized in the particular form of action, a motion to strike out is proper. And when the plea is plainly frivolous and trifling, or when the subject matter of the plea, although accurately and technically set out according to the soundest rules of pleading, is entirely destitute of merit and fails to answer the declaration, it may be stricken out on motion. 16 Ency. Pl. & Pr. 583; Bacon v. Green, 35 Fla. 325, text 337, 18 South. Rep. 870; Solary v. Stultz, 22 Fla. 263; Spratt v. Price, 18 Fla. 289; Johnston v. Allen, 22 Fla. 224; Strobar v. State 55 Fla. 167, 47 South. Rep. 4; Horne v. Carter, 20 Fla. 45; Boil v. Simms, 60 Ind. 162; Howlett v. Dilts, 4 Ind. App. 23, 30 N. E. Rep. 313; Jenkins v. Barrows, 73 Iowa 438, 35 N. W. Rep. 510.

The third plea as we have seen, attempts to set up an unauthorized defense. The plea, if true, is entirely destitute of merit and is not responsive to the declaration, and will be treated as a nullity and stricken out on motion.

The same may be said of the equitable plea, the filing of which the court denied. And this disposes of the second assignment of error.

The third and fourth assignments may be considered together. Under these assignments, it is contended the

finding of the referee is not sustained by the evidence. We have carefully read the testimony of the witnesses for the plaintiff. The defendant offered no testimony. The evidence is sufficient to sustain and support the finding of the referee in favor of the plaintiff.

The fifth assignment of error is as follows: "The referee erred in overruling the objections of defendant to the depositions, questions and answers of L. C. Coleman, J. M. Rich and I. L. Michels."

When the interrogatories and answers of these witnesses were offered in evidence, the defendant objected to them as a whole upon the following grounds: "Defendant's counsel objects to each question to each witness, and the answer thereto because the same irrelevant, immaterial, inadmissible and are not the best evidence, and no proper foundation is laid for the same, and they are not taken in accordance with the requirements of the laws of Florida."

The objection to each question of each witness and the answer thereto is nothing more than a general objection to each deposition, and where each deposition contains some legal evidence, as appears to be the case here, the objection is properly overruled. 6 Ency. Pl. & Pr. 588; Taylor v. Strickland, 37 Ala. 642; Milton v. Rowland, 11 Ala. 732; Melton v. Troutman, 15 Ala. 535. The objection that the interrogatories and the answers thereto were not taken in accordance with the law, goes to the admissibility of the whole deposition because of defects in taking it, and this objection should be made by a motion to suppress. 6 Ency. Pl. & Pr. 587; Davis v. Hare, 32 Ark. 386.

As one of the rulings complained of is correct, the assignment, joining different errors in regard to the admission or exclusion of evidence, must be overruled.

Vaughan's Seed Store v. Stringfellow, decided here at this term.

The sixth and seventh assignments may be considered together.

By the sixth assignment complaint is made that the referee did not give defendant or his counsel notice of the hearing, or an opportunity to argue the case on the hearing.

By the seventh assignment exception is taken to the entry of final judgment against the defendant within and before the expiration of ten days after the referee arrived at his decision and before the defendant had an opportunity to file his motion for a new trial."

The bill of exceptions shows the finding and judgment of the referee in words and figures as follows:

"This cause by order of the judge of the circuit court dated February 6th, 1908, having been referred to me to hear, try and determine in accordance with the laws in such cases made and provided, I have therefore, in pursuance of the said order, set the times for taking the testimony and of hearing all the matters and things in connection with said cause and gave notice thereof to the respective counsel for both plaintiff and defendant.

The referee finds with the papers in the said cause a written agreement of counsel, limiting the time for taking and submitting the testimony therein, and the plaintiff submitted its testimony and the defendant offered no testimony. And being fully advised of all the matters and things submitted in the said cause. And after a careful consideration of the testimony submitted, the referee finds for the plaintiff in the sum of twelve hundred and four dollars and fifty-nine cents.

It is, therefore, considered by the referee that the plaintiff, A. Vetsburg Company, a corporation, do have and recover of and from the defendant, F. J. Hammond,

the sum of twelve hundred and four dollars and fifty-nine cents as its damages as well as all the costs of this suit, said costs to be taxed by the clerk of the circuit court for Alachua county, Florida.

Done this 25th day of June, A. D. 1908.

                                T. W. Fielding, Referee.

Received a copy of the above findings and judgment on this suit the 25th day of June, A. D. 1908.

                        Carter & Layton,
                                Attorneys for Plaintiff.
                        Evans Haile,
                                Attorney for Defendant.

Endorsed in circuit court of Alachua County, Florida; A. Vetsburg Co. vs. F. J. Hammond—Findings and judgment of referee.—Filed in the office of the clerk of the circuit court of the county of Alachua, State of Florida. On the 17th day of July, A. D. 1908, and recorded in Book of Judgments No. 12 on page 384 on the 17th day of July, A. D. 1908. S. H. Wienges, Clerk. By M. S. Cheves, D. C."

On the 3rd day of July, A. D. 1908, the defendant made a motion for a new trial, the fourth and fifth grounds thereof making the same objections that are presented in the sixth and seventh assignments of error.

On the 13th day of July, 1908, the defendant moved the court to extend the time for hearing the motion for a new trial. This motion was granted and time for the submission of the motion fixed for July 17, 1908. On the last mentioned day, the motion for new trial was denied.

The referee in this case seems to have followed the law with an intelligent appreciation of its directions. Upon arriving at a judgment, the referee is required to give notice in writing of the same to both parties. Sec. 1660 of General Statutes of 1906. This requirement

of the statute was complied with, because the bill of exceptions exhibits the receipt by counsel for both plaintiff and defendant of a copy of the judgment arrived at by the referee on the 25th of June, 1908. Notice of the judgment in writing was given to both parties promptly on the very day judgment was arrived at.

Section 1661 of the General Statutes requires motions for new trial to be made within ten days after receipt of notice of the judgment arrived at by the referee. The motion of judgment was given on 25th day of June, and a motion for new trial was made on the 3rd day of July, 1908, eight days after the giving of the notice aforesaid.

Section 1661 of the General Statutes permits the enlargement of the time for the hearing of the motion, as was done in this instance.

Section 1662 of the General Statutes provides that if motion for a new trial, etc., shall have been made and denied, or whenever the judgment of the referee shall have been finally arrived at by him, he shall file in the court by which the reference was made his decision and judgment. And so we find that the judgment of the referee was not filed in the office of the clerk of the circuit court until the 17th day of July, 1908, after the motion for a new trial had been made and the day said motion was denied. See Reynolds v. Smith, 49 Fla. 217, 38 South. Rep. 903.

Now the 6th assignment is not sustained by the record. The bill of exceptions recites: "The said cause *having been submitted* to the referee, and the referee rendered a verdict and judgment for the plaintiff against the defendant, as follows:" Then follows the judgment already copied, wherein the referee declares: "I have therefore, in pursuance of the said order, set the times for taking the testimony and of hearing all the matters and things in connection with said cause and *gave notice*

thereof to the respective counsel for both plaintiff and defendant." If this statement is not true, counsel who complain here should have presented evidence in support of their contention that they were not given notice of the hearing before the referee.

The 7th assignment likewise is without merit. The record before us shows that the referee filed or entered his final judgment in the office of the clerk of the circuit court for Alachua county on the 17th day of July, A. D. 1908, or twenty-two days after the referee had notified counsel for the defendant in writing of the judgment arrived at; and not before the defendant filed his motion for a new trial, but fourteen days after the filing of the motion for new trial.

The judgment is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.