IN ERROR.
......
ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

RUFUS BACKUS, } *Plaintiff in error,*

*against*

DAVID RICHARDSON, } *Defendant in error.*

In an action of slander, it was held, that after a judgment on demurrer to the whole declaration, and assessment of damages, the plaintiff cannot enter a *nolle prosequi,* as to one of the counts in the declaration, and take judgment on the others ; but should obtain leave of the court for that purpose, before the awarding the writ of inquiry ; one of the counts being held bad, and the assessment of damages considered as applying to all the counts, the judgment was reversed. To say of a merchant, " You keep false books and I can prove it," is actionable.

THIS cause came before the court, on a writ of error from the supreme court.

It was an action of slander. The declaration contained *four* counts. The *first* count, after stating that the said *David Richardson* (the present defendant in error) was a citizen of good character, credit, &c. and exercised the trade of a merchant, buying and selling to divers customers, &c. who purchased, &c. yet the said *Rufus*, (the plaintiff in error,) well knowing, &c. but contriving, &c. on the 1st *August*, 1804, at *Whitehall*, in the county of *Washington*, &c. in a certain discourse then and there had, &c. in the presence of divers good citizens, then and there falsely and maliciously said, rehearsed, proclaimed, and loudly published, the false, feigned, scandalous, malicious and opprobrious *English* words, following, to, of and concerning the said *David*, &c. that is to say, " you (meaning the said *David ;* have hired witnesses to swear false, and you, *David Richardson,* know it," (meaning that the said *David* had suborned witnesses to swear false.)

IN ERROR.
......
ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

The second count stated the words, as follows : " You (meaning the said *David*) have hired witnesses to swear false, and I (meaning the said *Rufus*) can prove it," (meaning, &c.)

The *third* count stated, that in a certain discourse, of and concerning the said *David*, and also of and concerning a certain action of trespass on the case, in the court of common pleas, in the county of *Washington*, before, &c. and which had been depending between the said *Rufus*, as plaintiff, and the said *David* and one *Eli Griffith*, as defendants, and which had been brought to trial in the said court, &c. and upon which trial the said *David* had produced a witness who swore in due form of law, &c. which witness testified facts material to the issue, &c. and also of and concerning a certain other action of trespass on the case, before that time, tried before *A. C.* one of the justices of the peace, in and for the county of *Washington*, between the said *David*, as plaintiff, and the said *Rufus*, as defendant, and upon which trial the said *David* produced one *J. S.* as a witness, to testify in his behalf in the said cause, and who was sworn, in due form of law, as such, &c. and who testified facts material to the issue joined, and on trial, &c. the said *Rufus* intending further to injure, &c. did, then and there, &c. speak, &c. the words following, to wit : " You (meaning the said *David*) have hired witnesses to swear false, and I (meaning the said *Rufus*) can prove it," (meaning that the said *David* had hired the witnesses aforesaid, in the said several causes, to swear false of facts, and that he the said *David* knew it, and he the said *Rufus* could prove it.)

The *fourth* count stated, that the said *Rufus*, with intent, &c. in a discourse of the said *David*, as a merchant, &c. uttered, &c. the words following, to wit : " You (meaning the said *David*) do keep false books, and I (meaning the said *Rufus*) can prove it," (meaning. &c.) by means whereof, &c. divers of his neigh-

IN ERROR.
. . . . . . .
ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

bours, friends and customers, &c. refused to have any commerce or acquaintance with the said *David*, and many of his said customers, who were wont to purchase large quantities of goods, &c. of him, previous, &c. since the speaking and publishing the said false, malicious, scandalous and opprobious words, and by reason thereof, have wholly refused to have any dealing, trade, or commerce with the said *David*, &c. to his damage 5,000 dollars, &c.

To this declaration the plaintiff in error demurred, and assigned for causes of demurrer, that no special damages were alleged in the first, second and third counts; and that in the fourth count it was not averred that the said *David* was a merchant, at the commencement of the action, &c.

The declaration was filed as of *February* term, 1805, and in *August*, 1805, judgment on the demurrer was given in favour of the plaintiff below, on which a writ of inquiry of damages issued; and in *February*, 1806, the inquisition was returned, in which the damages were assessed at 500 dollars; and thereupon the plaintiff below entered a *nolle prosequi*, on the *first* and *second* counts, and a judgment on the others, as follows; " and hereupon the said *David* freely, here in court, confesses, that he will not further prosecute his suit against the said *Rufus*, in respect of the premises in the said first and second counts in the said declaration mentioned; therefore, as to the premises in the said first and second counts, in the said declaration mentioned, let the said *Rufus* be acquitted, and go thereof without day, &c. and it is further considered, that the said *David* do recover against the said *Rufus*, his damages, aforesaid, by the said inquisition above found," &c.

Several errors were assigned, but the principal errors relied upon, in the argument, were, 1st. That the entry of the *nolle prosequi* was improper and unauthorized.

2. That the *fourth* count was bad ; and as the assessment of damages was on all the counts, or on the *third* and *fourth*, no judgment ought to have been given for the damages.

IN ERROR.
......
ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

*Russel*, for the plaintiff in error. In *Beecher* v. *Shirley*,[*] it was held, that a *nolle prosequi* was in the nature of a *retraxit ;* but in a late case, *Cooper* v. *Taffin*,[†] a *nolle prosequi* has been considered as a discontinuance, or nonsuit ; so that another action may be brought for the same cause.

No doubt a plaintiff may enter a *nolle prosequi*, as to one of several defendants, or as to one count, with the leave of the court, who may exercise their discretion, as to granting the permission ; but this cannot be done where there is a demurrer to the whole declaration.[‡] If, then, the plaintiff could not enter a *nolle prosequi* in this case, it must be considered as struck out of the record ; and this court must decide on the whole declaration, two of the counts in which are bad. The words in the first and second counts are, clearly, not actionable ;[§] nor are the words in the fourth count, as there stated, actionable. If spoken of a man, in the way of his trade and profession, they might be so ; but here they do not necessarily import a charge of fraud against the plaintiff below, in relation to his dealings as a merchant ; and where words are doubtful, they are to be construed most favourable, so as not to render them slanderous or libellous.[¶] No knowledge or *scienter* was imputed to the defendant in error. His books of account may have been false, ⚫ erroneous, through negligence or mistake ; if, then, for want of the charge of the *scienter*, or that the party knew that the books were false, the words are not actionable, the judgment ought to have been arrested.[**]

* *Cro. Jac.* 211. *Cro. Eliz.* 762.
† 3 *Term Rep.* 511.

‡ *Rose* and *Macey* v. *Bowler*, 1 *Hen. Black.*108. *Drummond* v. *Dorant and another*, 4 *Term Rep.* 360.

§ 1 *Caines*, 347. 1 *Johns.Rep.*505. 6 *TermRep.*691.

¶ 6 *Bac. Abr.* 233. *Sland.* K. *Caines's Rep.* 233. *Livingston*, J.

** 3 *Bos. & Pull.* 372. *Feise* v. *Linder*.

IN ERROR.
••••••
ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

* 1 Johns. Rep.
505.

*Foot*, contra. The jury state, that they found the verdict on the third and fourth counts, so that no damages were assessed on the other counts; and though there is a bad count in the declaration, yet as it was not taken into consideration by the jury, in making up the verdict, the judgment will not be arrested.* A plaintiff is not to be prejudiced by a defective count, if the evidence never applied to it. The rule is, that where a count is demurred to, as bad, you cannot, in order to get rid of the demurrer, enter a *nolle prosequi*, as to such defective count. But, after the demurrer is disposed of, the plaintiff may enter a *nolle prosequi* without special leave of the court. By the demurrer, the defendant admits the whole declaration to be true; but says it is not sufficient in law to entitle the plaintiff to recover. The court say it is sufficient; and the jury assess damages on the third and fourth counts. The plaintiff may submit to a nonsuit, or discontinue when he pleases; and, for the same reason, he may enter a *nolle prosequi*.

The fourth count is good. The *colloquium* shows that the words were spoken of the defendant in error, as a merchant in trade. Special damages are also stated in the loss of customers. Though the names of those who left off dealing with the defendant in error are not stated, that omission should have been taken advantage of by a special demurrer. The application to the court for leave to enter the *nolle prosequi*, is mere form; and this court will not reverse a judgment for any defect of form.

† 3 Bos.& Pull. 372.   In the case of *Fiese* v. *Linder*,† the plaintiff was merely the bearer of the bill of lading, and there was no charge, that he knew that it was forged.

*Russel*, in reply, observed, that the jury had no right to assess damages on any particular count, when the writ required them to assess damages on the whole declaration.

The court below decided in favour of the plaintiff, on the demurrer, on the ground, that the *third* count was good ; for the rule is, that where there is a demurrer to a declaration, containing several counts, one of which is good, the plaintiff must have judgment.*

In setting forth special damages, it is essential to name the persons, and is not a matter of form.†

IN ERROR.

ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

* 3 Johns. Rep. 189.
† 1 Saund. 243. note 5.

THE CHANCELLOR.   This cause is presented here, on a writ of error from the supreme court.

The errors relied on are, 1st. That a *nolle prosequi*, as to the two first counts, entered after the return of a writ of inquiry, on which damages were assessed on the third and fourth counts only, was erroneously entered, not being with leave of the court, and after demurrer ; and,

2dly. That the words in the first and second counts are not actionable.

Independent of technical terms, the plaintiff alleges that the words, in the first and second counts, are not actionable. The defendant does not deny it, and has relinquished his action as to them.

In looking at the record, we find that the damages have only been assessed on the third and fourth counts ; totally unmixed and uninfluenced by the words of the first and second counts.

In this point of view, what can the plaintiff allege as a *gravamen ?*  That the defendant, who had a judgment against him by default, for all the causes of action specified in the four counts, has relinquished his claim as to the two, thus narrowing his right of receiving damages ?   Certainly not; for this could create no injury to him?   That he is exposed to another action for the same cause ?   This he denies, for he insists that the words of the first and second counts cannot sustain an action.

*IN ERROR.*

.......

ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

———————

* 1 *Hen. Black.*
108.

But it has been objected,

1. That the entering the *nolle prosequi* was after de-murrer.

2. That it was entered without leave of the court.

To the first point, the case of *Rose* and *Macey* v. *Bowler**[*] has been cited. That case shows the reason of the rule, that after demurrer no *nolle prosequi* is to be permit-ted; for the court say there is no instance of the plaintiff's being permitted *to do away the ground of the demurrer*, by separating the right of action; and judgment was, in that case, given for the defendant, which sustained the demurrer.

Here the judgment for the defendant in error over-ruled the demurrer; the parties, of consequence, as to the demurrer, were in the same situation as if none had been interposed in the cause.

As to the second point; after the entry of the return of the inquisition, the record proceeds : " And here-upon the said *David*, here in court, confesses, that he will not further prosecute his suit against the said *Rufus*, in respect to the premises in the said first and second counts in the said declaration mentioned ; thereupon, as to the premises in the said first and second counts in the said declaration, let the said *Rufus* be acquitted, and go thereof without day," &c.

From the word *therefore*, the record contains the ex-pression of the court ; it is the judgment of the court, that the defendant go, as to the first and second counts, without day ; and whether this was in consequence of an application, or only inserted formally, to complete the entry, it must have precisely the same effect here. And if its construction was doubtful, I take it every reasonable intendment is to be admitted in support of the judgment.

As to the fourth count in the declaration, after the usual averments, that the plaintiff in the court below was a merchant of good credit, &c. it charges the de-fendant with speaking the words, *of the said David, as a*

*IN ERROR.*
.......
ALBANY,
Feb 1809.

BACKUS
v.
RICHARDSON.

*merchant,* " You keep false books, and I can prove it."

The words are alleged to have been spoken of the plaintiff in the court below, *as a merchant.* The occasion of speaking them is not otherwise adverted to, than that the defendant, speaking of the plaintiff, uttered them. They are not introduced as relating to mutual claims, or to repel a demand made by the defendant in the court below. It is a simple declaration *that the plaintiff kept false books, and that he could prove it;* not as relating to a single point. The allegation applied to the books of the plaintiff generally, and alleged the falsity of those books.

These words, spoken of a merchant, are undoubtedly calculated to impair a confidence in his integrity, and injure his credit, which chiefly arises from his being reputed a fair dealer.

Whatever may be the ancient doctrine, with respect to the construction of words which may sustain an action of slander, it is now well settled, that they are to be taken in the common and ordinary sense; and if the words are so construed here, I think they conveyed the imputation of a deliberate falsity, and not an accidental one, arising from mistake.

I am satisfied, that the judgment in this case has been rendered according to the very right of the cause; and, therefore, mere formal objections ought to be disregarded, which applies to the two first points; and that the last ground has not been sustained.

I am, therefore, of opinion, that the judgment ought to be affirmed.

CLINTON, Senator. This was an action of slander for words spoken. The plaintiff in error had demurred to the declaration, which contained four counts. The court below decided against the demurrer, on the ground that the demurrer was to the whole declaration, and

*IN ERROR.*
......
ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

that one or more of the counts was good.   A writ was awarded on the roll, directing an inquiry as to the damages sustained by the defendant in error, by means of the premises, meaning thereby all the causes of complaint stated in the declaration; and it appears, that on the return of the inquisition, he claimed damages on the third and fourth counts only, deeming them to be good.   A *nolle prosequi* was entered as to the first and second counts; and then the usual entry of judgment for the damages assessed is made on the roll.

Upon this case three questions have been raised :

1st.  Whether the *nolle prosequi*, so entered, was proper and authorized.

2d.  Whether, if not authorized, the assessment of damages is to be considered as for all the counts; and if so, whether any count be bad.

3d.  Whether, admitting the *nolle prosequi* to be regular and proper, the fourth count be not bad; and as the assessment applies to it and the third count, whether the judgment ought not to be reversed on that ground ?

As to the last point, I am inclined to believe, that the fourth count is sufficient.   The general rule is, that in an action for words, they ought to be construed according to their obvious meaning, and their usual acceptation; and this mode of construction must be adopted and applied as well to slanderous words spoken of a man having a trade or profession, with reference to his vocation, as to words that relate to his private character only.

In this case, I am of opinion, that the general allegation of a loss of customers is bad.   The law requires certainty in specifying the injury; and the names of the customers who had withdrawn themselves should have been stated, in order that the defendant might be enabled to defend himself on that point.   Still, however, this omission does not vitiate the declaration, if the

words are actionable, as it must be intended that no evi- dence of a loss of custom was given.

The charge in the fourth count applies to the defendant, as a merchant, and is so stated. He is charged with keeping false books, *quasi* a merchant. The case of *Feise* v. *Linder* (3 *Bos.* and *Pull.* 372.) is an action brought for charging the plaintiff with bringing a forged bill of lading for half a cargo, in order to obtain the delivery of it. The court arrested the judgment, because, as the words did not relate to the plaintiff, in his professional character, as a merchant, as he did not go for special damages, and as, in their application to him, as an individual, they did not subject him to a punishment for a felony, or a misdemeanor, the action could not be sustained. The carrying of a bill of lading is not the business of a merchant, more than of any other man; nor does it follow, that the bearer is to know that the document is false or forged. And one of the judges said, " the essence of the crime supposed to be imputed to the plaintiff is knowledge. If this declaration could be sustained, we might expect similar actions by letter-carriers, of whom it may frequently be said, that they have brought forged bills to persons to whom they deliver letters."

In the present case, the allegation, or averment, is, that the words were spoken of the defendant, as a merchant; and keeping false books, in that character, necessarily and irresistibly implies a *scienter*. The charge of keeping false books does not, in its usual acceptation, convey the idea of negligence and carelesness. It involves knowledge, fraud, falsehood and knavery.

As to the first point, whether the *nolle prosequi*, entered in this cause, was proper and authorized ?

In the case of *Green* v. *Charnock* and *Starnell*, (*Cro. Eliz.* 762.) it was held, that a *nolle prosequi*, as to one of the defendants, operated as a *retraxit* as to both. In the case of *Cooper* v. *Tiffin*, (3 *Term Rep.* 511.)

IN ERROR.
......
ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

the court said, " that the case of a *nolle prosequi* could not be, in reason, distinguished from that of a discontinuance ; for that in this, as well as in that, the party might afterwards commence another action for the same cause. But under whatever aspect a *nolle prosequi* is to be considered, whether as in the nature of a *retraxit*, a nonsuit, or a discontinuance, there is no case to be found in the books of. the entry of a *nolle prosequi* after judgment on demurrer. And the absence of authorities on this head clearly shows, that it has never been attempted in cases analogous to the present. The glimmering light we have on this subject flows in the same direction. The case of *Drummond* v. *Dorant and another*, (4 *Term Rep.* 360.) was an action against two defendants. There were two counts. In the second count only one of the defendants was named. The defendants demurred to the declaration, and the court decided that a *nolle prosequi* could not be entered as to the last count. In the case of *Rose and wife* v. *Bowler and another, executors*, (1 *Hen. Black.* 108.) incongruous causes of action being joined, a special demurrer was put in. The plaintiffs entered a *nolle prosequi* as to some of the counts, and joined in demurrer as to one. The court declared, that this could not be done. Here we have conclusive authority, that a *nolle prosequi* cannot be entered before judgment on demurrer. And it would seem to follow *a fortiori*, that it could not be done, afterwards, by the mere act of the parties. The current of authorities referred to in 5 *Comyns' Digest*, (157.) establishes, that after judgment on demurrer the plaintiff cannot discontinue, unless with leave. Considering a *nolle prosequi* as in the nature of a nonsuit, to which it has been compared by the parties, the analogy will operate against the doctrine of the defendant in error. The general rule is, that a nonsuit for a part is a nonsuit for the whole. (3 *Bacon's Abr.* 682.) To this rule, however, there is this exception ; if issue in fact is joined

IN ERROR.
......
ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

to one part of a declaration, and demurrer to the other, the plaintiff may be nonsuited as to one, and proceed for the remainder. The case before us does not fall within the exception ; and, therefore, if a *nolle prosequi* operates as a nonsuit, it must, in this case, apply to the whole action.

If, however, a *nolle prosequi* is, under any circumstances, admissible in a case like the present, it must be entered under the sanction of the court, and before the award of a writ of inquiry. The writ would then only contain the counts deemed good; and no surprise or fraud could be practised. But, in the present instance, the award of the writ precedes the *nolle prosequi*, and it directs an inquiry of damages as to the whole premises ; and the *nolle prosequi* is entered after the coming in of the inquisition. The mischiefs that might result from a practice of this kind, are great and serious ; and the analogy which has been attempted between this case, and allowing a verdict to be entered on counts to which the evidence applies, and not guilty as to those to which there is no evidence, is neither fair nor tenable. The court, in trials, will take care that a verdict for the plaintiff be entered on such counts only as were supported by testimony ; but, in this case, there was no judicial officer to preside, and to see that no evidence should be given on the bad counts. It has been decided, that a deputy-sheriff may preside at inquests. The plaintiff below might have given evidence on all the counts ; and in drawing up the inquisition have taken care to claim damages only on the good ; and there can be no doubt, that in stating his case to the jury, the whole writ, containing the bad, as well as the good counts, was read to them. I think it would be dangerous to allow a party, who had obtained judgment on several counts, some of which are bad, to take an inquisition on those he thought fit. It would be placing the

*IN ERROR.*
......
ALBANY,
Feb. 1809.

BACKUS
v.
RICHARDSON.

property of individuals, on many occasions, at the mercy of an ignorant deputy-sheriff. The plaintiff below will have no right to complain. If he has mistaken his case, or stated it erroneously, the fault is his own ; and the inconvenience ought to follow the fault. And even after the mistake had been committed, the remedy was within his reach, either by obtaining leave to enter a *nolle prosequi,* before the award of a writ of inquiry, or by a motion to amend his declaration, by expunging the vitious counts from it.

Viewing the *nolle prosequi* as irregular and unauthorized, I consider it as a nullity ; and that the assessment of damages must be contemplated as applying to all the counts.

The first and second counts are, unquestionably, bad. The defendant in error had admitted this, by his own act.

I am, therefore, for reversing the judgment below.

A majority of the court concurring in this opinion, it was, thereupon, ORDERED, ADJUDGED and DECREED, that the judgment given below be reversed.

Judgment of reversal.