THOMAS EMMET WILSON, APPELLANT, VS. M. R. MARKS, APPELLEE.

1. It is not error to refuse to strike out a special plea upon the alleged ground that the matters therein stated are not responsive to the allegations of the declaration and do not constitute a defence. The plaintiff should demur.

2. In an action for libellous publication charging that plaintiff had committed perjury in a matter of "a final homestead proof," defendant by a special plea of justification alleges that plaintiff committed perjury in a certain affidavit made for the purpose of proving a right of homestead entry in behalf of one P., and afterwards filed a further special plea alleging perjury by plaintiff in another similar affidavit made in behalf of himself, a "new assignment" by plaintiff to the effect that the defendant in the libellous publication charged the perjury to have been committed in the former affidavit and not in the latter, is not an appropriate pleading. A "new assignment" is proper only where there were two causes of action and the declaration is so general as apparently to cover both,

and the plea sets up a defence to one ; the new assignment being in aid of the declaration to designate which of the two several causes of action was intended to be declared on.

3. Under a declaration for libel damages being generally and not specially alleged, evidence of special damage is not admissible.

4. A charge of the court not excepted to cannot be assigned as error.

5. A charge to the jury "that the publication of the truth is not a libel," is not correct ; it may be libellous and actionable to publish the truth, unless the publication is prompted by "good motives."

6. Where a right of action is clearly made out by proper proofs, and there is no conflicting or opposing evidence, a verdict of no cause of action should be set aside as being contrary to law and the evidence.

Appeal from the Circuit Court for Orange county.

Section 9 of the Bill of Rights is as follows : "Every citizen may fully speak and write his sentiments on all subjects, being responsible for the abuse of that right, and no law shall be passed to restrain or abridge the liberty of speech or the press. In all criminal prosecutions and civil actions for libel the truth may be given in evidence to the jury, and if it shall appear that the matter charged as libellous is true, but was published for good motives, the party shall be acquitted or exonerated."

The other facts are stated in the opinion.

*Thomas E. Wilson*, *in pro per*.

THE CHIEF-JUSTICE delivered the opinion of the court.

Wilson sued Marks for publishing a libel charging him with having committed perjury. The defendant pleaded not guilty and also a special plea (called a third plea) avering that the charge in the publication made by him against the plaintiff is true, alleging that a certain affidavit made by plaintiff in proof of a homestead entry by one P. was false, and that plaintiff therein committed wilful and cor-

rupt perjury, wherefore the alleged publication was made by him. There was a replication to this plea. Afterward another plea was filed by defendant avering that plaintiff committed perjury in a certain other affidavit relating to his own entry of a homestead, and the alleged libellous publication was true and wherefore he published the same. A motion by plaintiff to strike off this plea upon grounds hereafter stated was denied. The plaintiff thereupon filed a paper called a " new assignment," to the effect that the libellous publication was not made, and the perjury therein alleged was not charged with respect to the affidavit and oath mentioned in the last plea, but with reference to the affidavit mentioned in the said third plea. Defendant demurred to this " new assignment," and the demurrer was overruled by the court, thereby sustaining the new assignment. No other pleading was had thereon.

The publication of the alleged libellous article was shown and the same was read to the jury.

Several witnesses testified to the good character and standing of the plaintiff. Question was asked by John W. Price, a witness, by plaintiff's counsel, " What damage has Mr. Wilson sustained by this libel published in this suit?" This question was objected to and the objection sustained.

No testimony was offered by defendant, and the cause was submitted to the jury under the charge of the court. The Judge charged that an accusation of perjury is actionable in itself. Other instructions were given at the request of the respective parties, and no exceptions were taken thereto. The jury found a verdict for defendant. A motion for a new trial was made by plaintiff on the grounds that the verdict was contrary to the law, to the evidence and to the charge of the court, which motion was denied and judgment entered against the plaintiff, who appealed.

I. The first error assigned is, that the court refused plaintiff's motion to strike off the plea last filed. The defendant obtained leave to file this plea upon the ground that he had just discovered the evidence of the truth of it. This plea says that the publication of the alleged libellous matter was justifiable because of the perjury set forth in the said last plea, and that the charge was true. The ground of the motion was, that if defendant, as he had stated in his affidavit upon which he obtained leave to file the plea, had just discovered the evidence of the fact pleaded, such evidence could not have been the ground of his published charge of perjury, and that therefore the fact pleaded was not the basis of the published charge. But the defendant's affidavit did not state that he did not know at the time of his publication of the particular fact of perjury which he desired to plead, but that he had just discovered the *evidence* of the perjury he had charged, therefore there was no error in refusing to strike it off.

The plaintiff did not reply generally to this additional plea, but replied specially by what he denominates a " new assignment," which is in effect a special replication to the plea. The matter of the said special replication was that the libellous publication mentioned in the declaration charged the plaintiff with having committed perjury in " making proof of a final homestead proof," and that the charge in the libel referred to the making oath by the plaintiff relating to the homestead proof for and in behalf of one Hiram Potter, and that the said libel did not refer to and the declaration did not allege that defendant had charged the plaintiff with the perjury alleged against plaintiff in the last mentioned plea.

The defendant demurred to this " new assignment " or replication, and the court overruled the demurrer. Here the pleading stops.

Whether it was error to proceed to trial with the pleadings in this condition, and whether the plaintiff can allege this for error, it is not here necessary to determine. The pleading by a "new assignment" in this case was illegitimate.

"A new assignment is in general necessary, where the plaintiff has or has had *two* causes of action against the defendant, either of which the declaration will fit, and the defendant having a supposed answer to *one* such cause of action, pleads that answer." 2 Chitty on Pleading, 16 Am. Ed., 439, and cases cited; 2 Addison on Torts, Dudley & Baylie's Ed., 1167.

The substance of the last plea, it is claimed by the plaintiff, is a charge of perjury which defendant offers to prove in justification, but not the charge of perjury mentioned in the declaration and upon which this suit was brought. In other words, he claims that the defendant offers under the last plea to prove that the plaintiff committed perjury in a matter other than that charged in the alleged libel. That seems also to have been the view of the Judge in overruling the demurrer.

If the plea referred to is not responsive to the declaration, and does not set out matter of legitimate defence of the libellous publication, the proper course would seem to be to demur to it or to object to testimony under it upon the trial. The case is not one in which a pleading by a "new assignment" is proper. We have found no case in the books where a "new assignment" has been made in actions other than on contract, trespass or trover.

II. As to the second error assigned, that the court erred in overruling the question put to the witness, Price, "What damage has plaintiff sustained by this libel?" it is clear that the ruling was correct. The declaration was general in its allegation of damage, no special damage being

alleged. Special damage in actions for slander or libel must be alleged in order to lay the foundation for such proof. The question propounded to the witness tends to deduce testimony as to some specific damage, and as there is no allegation of special damage, the testimony was properly rejected. Backus vs. Richardson, 5 John., 476 ; Tobias vs. Harland, 4 Wend., 537 ; Crafts vs. Bolte, 1 Saund., 243, c. n. 5.

III. The third ground of error is, that the instructions to the jury prayed for by defendant and given by the court are erroneous.

While the propositions contained in these instructions are somewhat confused, and may have been misunderstood by the jury, yet no exceptions were taken to either of them, and the plaintiff cannot therefore insist upon any such error to reverse the judgment. It may be suggested, however, that the first of the two propositions of the instructions is not applicable to the case, as there are no special damages alleged in the declaration. The second proposition, " that the publication of the truth is not a libel," must be qualified by the last period of section 9, Declaration of Rights, Constitution of Florida, that the publication of the truth was prompted by " good motives."

IV. The last assignment is, that the court erred in refusing a new trial. The plaintiff moved that the verdict be set aside and a new trial be granted upon the ground that the verdict was contrary to law, contrary to the evidence and to the charge of the court.

This error is well assigned. The declaration alleges a gross libel, the charge of an infamous offence published by the defendant against the plaintiff. The declaration is fully sustained by the testimony, and there is no conflict of proof. There was no testimony offered by the defendant to sustain the plea of justification. The law declares such a publica-

tion to be libellous and gives a right of action to the plaintiff against a defendant who is responsible for the publication. The Judge charged the jury that such a libellous publication was actionable, and yet in the face of this state of things the jury found a verdict for the defendant.

This verdict was found upon something not apparent in the record. It is contrary to law, contrary to the evidence and contrary to the charge given them by the court.

The judgment is reversed, with costs, and a new trial must be granted.