EDWARD C. F. SANCHEZ, PLAINTIFF IN ERROR, VS. J. MANCHESTER HAYNES, DEFENDANT IN ERROR.

VENUE—WHEN SUMMONS IN CIVIL SUIT FROM ONE COUNTY CAN BE SERVED IN ANOTHER

The right extended to litigants by Chapter 3721 laws, approved May 19th, 1887, entitled "An act to provide for the issuing and service of writs, process and notices in civil suits and proceedings at law in certain cases," to procure service of summons *ad respondendum* outside of the county in which the suit is brought, is expressly *confined* and *limited* to cases that are *rightfully* brought in counties where the property in litigation is located, or in which the *cause of action accrued,* or when there is nothing local in the suit in a county where one of the defendants resides where there is more than one defendant. If a suit is unauthorizedly brought in any county where the cause of action *did not accrue,* and in which the sole defendant did not reside, and in which property involved was not situated, *no proper or legal service* can be perfected under this act by sending the process out and having it served in any other county than the one in which the suit is pending. Service in any other county than the one in which the suit is pending, in such a case, is a nullity, and would not give the court jurisdiction over the person of the defendant so as to authorize the entry of either a default or final judgment against him.

Writ of error to the Circuit Court for St. Johns county.

The facts of the case are stated in the opinion of the court.

*E. C. F. Sanchez, in pro per.,* for Plaintiff in Error.

*W. W. Dewhurst,* for Defendant in Error.

TAYLOR, J.:

J. M. Haynes, the defendant in error, on May 31st, 1889, instituted his suit in assumpsit in the Circuit Court of St. Johns county, in the Fourth Judicial Cir-

620    SUPREME COURT.

Edward C. F. Sanchez v. J. Manchester Haynes.—Opinion of Court.

cuit of Florida, against Edward C. F. Sanchez, the plaintiff in error, who then resided, as the præcipe for summons in the cause recites, at Gainesville, in Alachua county, in the Fifth Judicial Circuit of Florida. Summons *ad respondendum* was issued by the clerk of the Circuit Court for St. Johns county directed to the sheriff of Alachua county, commanding him to summon the defendant to appear before the Circuit Court of St. Johns county, on the rule day in July, 1889. This summons was served on the defendant by the sheriff of Alachua county within that county. On the rule day in July, 1889, to which the summons was returnable, the defendant failed to enter any appearance in the cause, and a judgment by default was then taken against them, and on the 19th day of July, 1889, a final judgment was entered by the clerk. On the 11th day of September, 1889, at a term of the said Circuit Court then being held, the defendant presented a motion in open court to set aside and open the said final judgment and default upon the grounds, in substance, as follows: (1) Because no legal service had ever been made over the defendant, and the court had not acquired jurisdiction over the defendant's person in the cause; (2) because the suit was brought in St. Johns county, and the service made by the sheriff of Alachua county in the latter county, where defendant then resided; (3) because there was nothing local in the suit, it being a suit upon account, no property being involved, and which cause of action did not accrue in St. Johns county, and the defendant at the time of the commencement of the suit, and for twenty years prior thereto, had resided in Alachua county, Florida (4) because said suit was irregularly and illegally brought in said St. Johns county, when the defendant resides in Alachua county, and the cause of action did

not accrue in St. Johns county; (5) because the bring-ing of said suit, the entry of judgment by default, and the entry of final judgment was irregular, illegal and unauthorized; (8) because said final judgment shows upon its face that it is irregular, illegal and void. This motion was supported by the affidavits of the defend-ant and others showing that the defendant had a mer-itorious defense to said suit if allowed to defend the same, the details of which it is unnecessary to men-tion. On the 12th of September this motion was denied by the court, upon the ground that it was not made within sixty days after the entry of the *final judg-ment* sought to be vacated. From the judgment thus entered and from the order denying his said motion the defendant brings writ of error.

The errors assigned are as follows: 1st. The court erred in refusing the motion to set aside the judgment by default and the final judgment entered therein on the 19th day of July, 1889. 2d. Because there had never been any legal service of a summons in said cause upon the defendant, and the Circuit Court of St. Johns county had never acquired jurisdiction over defendant. 3d. Because said suit was brought in St. Johns county, Florida, and the service made by the sheriff of Alachua county on the defendant, who was a resident of Alachua county. 4th. Because there is nothing local in the suit, it being a suit upon account, no property being in-volved, and which cause of action did not accrue in St. Johns county, the defendant at the time of the com-mencement of the suit residing in Alachua county. 5th. Because the entry of said default and final judgment was illegal and unauthorized by law. 6th. Because there was no legal proof of the claim before the clerk, and the defendant was not notified of the proof to be offered, and had no opportunity to contest same.

It is unnecessary for us to notice the first assignment of error, the refusal of the defendant's motion to vacate the default and final judgment, since the writ of error is taken to the judgment itself, and brings under review all the proceedings anterior to the motion to vacate, and the conclusions we have reached annuls the whole proceedings without reference to the matter of such motion.

The second assignment of error is well taken, to the effect that the Circuit Court of St. Johns county had never acquired jurisdiction over the person of the defendant by any legal service of process to bring him into court. Section one of Chapter 3721 of the laws, approved May 19th, 1887, entitled "An act to provide for the issuing and service of writs, process and notices in civil suits and proceedings at law in certain cases," provides as follows: "That hereafter when in any civil suit or proceeding at law in any of the courts of this State, for any purpose whatever, the defendant, defendants, or any one of them therein, resides or is in any county of this State other than the one in which said suit or proceeding is commenced or is pending, any writ, writs, process or notices as authorized by law in civil suits or proceedings, when the defendant or defendants reside in the county where the suit or proceedings is commenced, shall be issued and appropriately directed, and the sheriff or other proper officer of said county in which said defendant, defendants or any one of them resides or may be found, shall execute and serve said writs, process or notices; and return thereof shall be made to the court from which the same emanated, and such execution or service and return shall be valid to all intents and purposes, and the defendant or defendants so served legally bound thereby: *Provided, however,* That before any writ,

process or notice shall issue by virtue of this section, the plaintiff, or some one in his behalf, shall make affidavit before some officer of this State authorized to administer oaths that said suit or proceeding is, or was, instituted in good faith and with no intention on the part of the plaintiff or plaintiffs, as the case may be, to annoy or defraud said defendant or defendants." Section four of the same act provides as follows: "That nothing in this act shall authorize the bringing of any civil suit or proceeding at law in any other county than the one in which the property in litigation is, or in which the cause of action accrued. But when there is nothing local in the suit it may be brought in any county where the defendant or any one of the defendants, if there be more than one, shall reside."

Under this statute the plaintiff instituted his suit in St. Johns county, in the Fourth Judicial Circuit, while the defendant, as is shown by the præcipe in the cause and by the statutory affidavit of good faith filed therewith, resided in Alachua county, in the Fifth Judicial Circuit of Florida, and had the clerk of the Circuit Court of St. Johns county to issue summons *ad respondendum* directed to the sheriff of Alachua county, and it was served by the sheriff of the latter county within his county upon the defendant. As the law existed long prior to the passage of the above-mentioned statute, a civil suit of the kind under consideration could be brought only in the county in which the defendant resided, or the county in which the cause of action accrued. McClellan's Digest, § 5, p. 811. Until the adoption of the above-mentioned act of 1887, however, there was no provision of law by which service of process could be procured, in such cases, when the suit was instituted in any county other than the one in which the defendant resided, unless the defendant could

be caught within and served with such process *in the county in which the suit was brought.* Russ vs. Mitchell, 11 Fla., 80. The act of 1887 was designed to perfect the right, already possessed by the creditor, of instituting his suit for the collection of his claim in the county where the *cause of action* accrued, whether it was the residing place of the defendant or not, by extending to him the *further right* to send out the process of the court where his suit was brought into any county of the State within which the defendant might be found either permanently or temporarily located, there to be served upon him by any officer there authorized to serve it. By the terms of section four of said act of 1887, however, the *new right* extended by the act *to procure service outside of the county in which the suit is brought,* is expressly *confined* and *limited* to cases that are rightfully brought in counties where the property in litigation is located, or in which the *cause of action accrued,* or when there is nothing local in the suit, in a county where one of the defendants resides where there is more than one defendant. If a suit should be unauthorizedly brought in any county where the cause of action *did not accrue,* and in which the sole defendant did not reside, and in which property involved was not situated, then, by the provisions of section four said act, *no proper or legal service* could be perfected under said act by sending the process out and having it served in any other county than the one in which the suit was pending.

The plaintiff here and in his præcipe and in the affidavit accompanying same, the initiatory step for the institution of his suit, shows that the sole defendant sued resided at the time in Alachua county, beyond the limits of the judicial circuit in which his suit was brought. His cause of action is an open account, and

there is nothing shown in his declaration, or elsewhere in the proceeding, to indicate that the cause of action *accrued* in St. Johns county, or that there is anything connected with the matters involved that is local to St. Johns county. Under these circumstances there was no authority for the bringing of such suit in St. Johns county, and no right accrued to the plaintiff under said act of 1887 to send his process out from that county and to have it served upon the sole defendant in another county. The service made upon the defendant, under these circumstances was a nullity, and the Circuit Court of St. Johns county did not thereby acquire jurisdiction over the person of the defendant so as to authorize the entry of either a default or final judgment against him. As this disposes of the whole case, it becomes unnecessary to notice the other errors assigned.

The judgment of the court below is reversed.