E. C. Parkhurst, Plaintiff in Error. vs. G. N. Stone and C. G. Gove, Defendant in Error.

1. A general appearance in a suit waves all questions as to service of process, and amounts to a submission of the person of the defendant to the jurisdiction of the court.

2. After a general appearance a defendant may plead his personal privilege under the statute of being sued in the county of his residence, or in the county in which the cause of action accrued; but after such appearance a defendant can not properly plead that service was had on him in a different judicial circuit than that in which the suit was instituted, where it appeared that the cause of action accrued in the county and circuit where suit was instituted.

3. After a general appearance a defendant can not limit or restrict such appearance in a plea subsequently filed.

4. A second plea alleged all the averments of a first plea and more; the first plea was stricken out and trial had on the second: *Held,* In the absence of a bill of exceptions showing that defendant was deprived of any advantages under the plea upon which trial was had that he would have had if the first had been permitted to stand, no injury was shown by striking out the plea, though it might not have been the proper way to reach it.

5. There is a difference between a motion to strike out and a demurrer to a plea, and trial courts should not disregard the distinction.

Writ of error to the Circuit Court for Orange county

The facts in the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for Plaintiff in Error.

*A. M. Thrasher,* for Defendants in Error.

MABRY, C. J.:

Defendants in error sued plaintiff in error to recover money alleged to be due on a lease under seal. The declaration alleges the making of the lease by the parties on the 17th day of March, 1888; that it was under seal and executed in the presence of two witnesses, and that by its terms plaintiffs contracted to lease to defendant a certain described store-room, then being constructed, for the term of three years from the date of its completion; that the store-room was subsequently completed, and defendant, in accordance with the contract, occupied it from April, 1888, until the 1st day of May, 1889, and paid for said time the sum of $150 per month, the rent specified; but after

May, 1889, defendant ceased to pay rent, and still fails and refuses to pay same.

The suit was instituted on the 5th day of February, 1890, and the amount demanded is the rent, as specified in the lease, from the first of May, 1889, up to and including the month of February, 1890, amounting to $1,500, and interest on the monthly installments of rent as they fell due. It is also alleged that defendant agreed in and by the lease to pay reasonable attorney fees in the event he failed to pay the rent, and plaintiffs had to collect the same by legal process, and the sum of $200 is demanded on this account; and further, that the lease was executed and the cause of action accrued in Orange county, State of Florida. The lease filed with the declaration and referred to as being made a part thereof concludes as follows: "Witness our hands and seals this the 17th day of March, A. D. 1888.

> E. M. PARKHURST, (L. S.)
> G. N. STONE,        (L. S.)
> C. G. GOVE,         (L. S.)
>           By G. N. STONE, Attorney in fact."

Attest: A. M. Thrasher and Andrew Denham, Mattie G. Colborn and R. de V. Carroll, as to Stone and Gove.

The acknowledgment of the lease in Hamilton county, Ohio, on the 24th day of March, 1888, recites the personal appearance of G. N. Stone and C. G. Gove, by G. N. Stone, his attorney, and that they acknowledged the signing and sealing of the lease to be their voluntary act and deed for the purposes therein expressed. The acknowledgment of the execution of the lease by Parkhurst was made in Orange county, Florida, on the 26th of March, 1888.

The record shows a general appearance of defendant by attorneys on the 3d day of March, A. D. 1890. On the 10th day of March, 1890, defendant filed the following plea: "The defendant, Ed. C. Parkhurst, limiting the appearance filed hereon on the — day of March, 1890, to the purpose of making this plea, says this court ought not to have or take jurisdiction of this cause, because he says that the defendant is a free-holder residing in Jacksonville, Duval county, in the Fourth Judicial Circuit of Florida, and is and was such resident and free holder at and before the suit herein was commenced; that the service herein, to answer which he appears, was not had upon this defendant in said county of Orange, nor in the Seventh Judicial Circuit of said State, but was wholly outside of said Orange county, and outside of the Seventh Judicial Circuit of Florida, and in the city of Jacksonville, in Duval county, Florida, in the Fourth Judicail Circuit of the State of Florida; wherefore he prays that said cause be dismissed." From the record before us it appears that the foregoing plea was demurred to, and a motion was also made to strike it out, and that the demurrer was sustained and the plea stricken out. Subsequently defendant filed two pleas; the first one of which was stricken out on motion, and issue joined on the second, upon which the trial was had and judgment rendered in favor of plaintiffs. The plea stricken out reads as follows: "True it is the said defendant signed the contract in writing on the 17th day of March, 1888, a copy of which is attached to plaintiffs' said declaration, and that his signature was made thereto in the presence of A. M. Thrasher, the plaintiffs' attorney herein, and in the presence of Andrew Denham, as attesting witnesses; and true it may be that this defendant, on the 26th day of March,

1888, made the acknowledgment therein set forth as having been made before said Thrasher as a notary public; but this defendant avers that at the time said contract was so signed and to acknowledged by this defendant, the said plaintiffs had not signed, or otherwise executed the same. The defendant further avers that he has not seen the original of said written contract since he so signed and acknowledged it, nor has he been advised or informed, otherwise than by the certified copy attached to said declaration, that said plaintiffs have executed or sought to execute said written contract as a sealed instrument; and so he avers that said contract was never executed as a writing obligatory." The second plea alleged all the averments of the first plea, and further, that defendant paid the rent to the first day of May, 1889, when the store-room was surrendered to plaintiffs, and the contract to pay rent then became and was extinguished.

The case is before us on writ of error without any bill of exceptions embodying the evidence or instructions of the court.

The first error assigned is the ruling of the court sustaining the demurrer and striking out the plea to the jurisdiction of the court. The declaration, it will be remembered, alleged that the cause of action accrued in Orange county where the suit was instituted, but the plea shows that the summons was served on the defendant in Duval county, in the Fourth Judicial Circuit. The contention is, that the court of the Seventh Judicial Circuit for Orange county acquired no jurisdiction over the person of the defendant by the service in Duval county. It is further insisted that the act of 1887, Chapter 3721, could not authorize the service of process in this case, as it was the exercise of extra territorial jurisdiction forbidden to the

Circuit Courts in actions at law by the Constitution. The objection to the act here presented was not insisted on in the case of Sanchez vs. Haynes, 35 Fla. 619, 18 South. Rep. 27, where the act referred to was to some extent construed. On the record before us we do not think that the defense sought to be interposed by the plaintiff in error can be insisted on by him. The record shows a general appearance of defendant to the action before he interposed his plea, and this had the effect to give the court jurisdiction of his person. The action was not local, but transitory, and it was specifically alleged in the declaration that the cause of action accrued in Orange county. A general appearance in such an action waived all questions as to service of process and was a submission of the person of the defendant to the jurisdiction of the court. This is fully settled by the decision in Curtis & Shaw vs. Howard, 33 Fla. 251, 14 South. Rep. 812, as well as in other decisions of this court. The general appearance would not prevent the defendant from pleading his personal privilege, under the statute, of being sued in the county of his residence, or the county in which the cause of action accrued, but such privilege extends no further. McClellan's Digest, p. 811, sec. 5; Curtis & Shaw vs. Howard, *supra*. The plea in question makes no allegation that the cause of action did not accrue in Orange county, and in this respect is no answer whatever to the allegation of the defendant. We do not overlook the statement in the introductory part of the plea, that defendant limited the appearance already filed in the cause to the purpose of the plea, but after appearing generally in the action the defendant could not on a subsequent date limit the effect of the appearance already filed. The court had acquired jurisdiction over the person by the

general appearance, and all defects as to service of process was thereby waived. Oppenheimer vs. Guchenheiner, 34 Fla. 13, 15 South. Rep. 670.

The other objection presented for plaintiff in error is, that the court erred in striking out the first plea. It is insisted that a motion was not the proper way to reach the plea, even if it be conceded that it was defective, as wanting in fullness or explicitness of averment. The following decisions of the court bear upon the propriety of striking out pleas on motion. Russ vs. Mitchell, 11 Fla. 80; Jackson Sharp Co. vs. Holland, 14 Fla. 384; Wade vs. Doyle, 17 Fla. 522; Wilson vs. Marks, 18 Fla. 322; Huling vs. Florida Savings Bank, etc., 19 Fla. 695; Jordan vs. John Ryan Co., 35 Fla. 259, 17 South. Rep. 73. In reference to striking out the first plea mentioned in the case before us, we do not see how the defendant below could have been injured by the ruling of the court. The second plea alleged all the averments of the first plea, and more, and we do not know that the defendant was deprived of any advantages under the plea upon which the trial was had, that he would have had if the first had been permitted to stand. As before stated, we have no bill of exceptions, and do not know what testimony was introduced or offered. The defendant by his manner of pleading, having incorporated the allegations of the first plea into the second, could have availed himself under the latter of all defenses properly admissible under the former, and in the absence of any showing that he was deprived of any legitimate defenses, the presumption is that he had the full benefit of them. So far as we can judge from the record, the defendant was not injured by the action of the court in striking out the first plea, and it is not necessary for us to say whether or not the motion to strike

was the proper remedy. The summary disposition of pleas by motion is a delicate matter, and the trial courts should not disregard the distinction between a motion to strike out, and a demurrer. There is clearly a difference between the remedies, and they should not be indiscriminately employed.

The judgment of the record before us must be affirmed, and it is so ordered.