C. E. INGALLS & BROTHER, CO-PARTNERS, *Plaintiffs in Error,* v. MERCHANTS BROOM COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed November 24, 1914.

There is no repugnancy between Sections 1401 and 2037 of the General Statutes of 1906. If process of the county court is to be served in the county where the court sits, the service is made under Section 2037. If service of the process is to be made in another county, Section 1401 provides the regulation.

24—Vol. 68

Writ of Error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment affirmed.

*J. M. Carson,* for Plaintiffs in Error;

*Johnson &McIlvaine,* for Defendant in Error.

WHITFIELD, J.—A writ of certiorari issued from the Circuit Court for Duval County requiring the county court to certify for review an order made by the county court quashing a return upon a summons *ad respondendum* made by the Sheriff of Duval county on the defendants there. The order quashing the return was vacated, annulled and reversed by the Circuit Court and the cause remanded with directions that the county court assume jurisdiction of the defendants on the service as made. The defendant below took writ of error to this court.

The sole question to be determined is whether the process of the county court for Duval county may lawfully be served on the defendants in Dade county by the Sheriff of Dade county so as to give the Duval county court jurisdiction of the defendants for the purposes of the litigation in the cause.

Sections 1401 and 2037 of the General Statutes of 1906 are as follows:

"1401.  (1014 and 1246.)  Process by whom.—All process, except that issuing from a justice of the peace court, shall be served by the sheriff of the county in which it is to be served.  Process of a justice of the peace court may be served by a sheriff of the county or by a constable.  A justice of the peace in the respective counties may serve all process in cases where the sheriff is inter-

ested, and in case of necessity the judge of the Circuit Court may appoint an elisor to act instead of the Sheriff.

All writs of process issued upon the institution of a suit which may be begun in a county where the defendant does not reside, and all writs, process or notices requiring service upon a defendant not in the county where' the suit is pending, may be served by the sheriff of the county in which the defendant is to be found.

2037. (1575.) Sheriff.—The sheriff of the county shall serve and execute all civil process and do and perform all duties in and about county courts which are required to be performed by an executive officer."

Section 1401 relates to the service of process generally, while Section 2037 relates to the duties of the Sheriff of the county to be performed in the county as the executive officer of the county court. There is no repugnancy in the two sections. Each operates in its proper sphere without conflict with the other. If process of the county court is to be served in the county where the court sits, the service is made under Section 2037. If service of the process is to be made in another county, Section 1401 provides the regulation.

The judgment of the Circuit Court quashing the service made by the Sheriff of Dade County in that county was properly vacated by the Circuit Court.

Affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.