HENRY B. PHILLIPS, COUNTY JUDGE, AND FLORIDA PUB-LISHING COMPANY, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *ex rel.* A. DORNER, *Defendant in Error.*

Opinion filed January 18, 1918.

1. The established principle is that a court created within and for a particular territory is bound in the exercise of its powers by the limits of such territory, and that no judicial process, whatever form it may assume, can have any law-

ful· authority outside of the limits of the jurisdiction of.the court or judge by whom it is issued.

2.  There is no statutory authority in this State for the service of a writ of summons issued from a County Judge's Court *in a civil case* upon a sole defendant outside of the limits of the territorial jurisdiction of the court issuing it, and therefore the service of such process beyond the territorial jurisdiction of such court gives to the court no jurisdiction over such defendant.

Writ of Error to Circuit Court for Duval County, Daniel A. Simmons, Judge.

Order affirmed.

*Johnson & McIlvaine,* for Plaintiffs in Error;

*Axtell & Rinehart,* for Defendant in Error.

WEST, J.—Upon petition an order was made by the Judge of the Circuit Court of Duval County directed to the County Judge of said county requiring him to appear before said Circuit Court, on a day fixed in said order, and show cause, if any there be, why a writ of prohibition should not be issued by said court prohibiting the said Judge from assuming jurisdiction in a certain civil action then pending before him, and from proceeding further in said cause.

Answer was filed by the County Judge and the plaintiff in said action, whereupon an order was made by the Circuit Judge directing the issuance of a writ of prohibition as prayed for in and by said petition. .

From this order the plaintiff below took writ of error from this court.

The attorneys for the defendant in error, the petitioner below, state the question presented for the court's consideration as follows: "The sole question to be determined is, whether or not a writ of summons issued by the County Judge of Duval County, Florida, and served by the Sheriff of Seminole County upon a party in Seminole County, is a valid service."

The established principle is that a court created within and for a particular territory is bound in the exercise of its powers by the limits of such territory, and that no judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and, at common law, service of process beyond the territorial jurisdiction of the court from which it issues is a nullity. 11 Cyc. 671; Picquet v. Swan, 5 Mason's Rep. 35; Molyneux v. Seymour, Fanning & Co., 30 Ga., 440, 76 Am. Dec. 662, and note; Turrill v. Walker, 4 Mich. 177; Pitman v. Tremont Nail Co., 2 Allen (Mass.) 531; Isett v. Stuart, 80 Ill. 404, 22 Am. Rep. 194; Litchfield Agt. Burwell, et al., 5 How. Pr. (N. Y.) 341; Ableman v. Booth, 21 How. (U. S.) 506, 16 L. Ed. 169; Mexican Central R. Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. Rep. 859, 37 L. Ed. 699; Sanchez v. Haynes, 35 Fla. 619, 18 South Rep. 27.

Judge STORY in the early case of Picquet v. Swan, *supra,* in dealing with this question, said: "The courts of a state, however general may be their jurisdiction, are necessarily confined to the territorial limits of the state. Their process cannot be executed beyond those limits; and any attempt to act upon persons or things beyond them, would be deemed an usurpation of foreign sovereignty, not justified or acknowledged by the law of nations. Even the Court of Kings Bench in *England,*

though a court of general jurisdiction, never imagined, that it could serve process in *Scotland, Ireland,* or the colonies, to compel an appearance, or justify a judg-ment against persons residing therein at the time of the commencement of the suit. This results from the general principle, that a court created within and for a particular territory is bounded in the exercise of its powers by the limits of such territory. It matters not, whether it be a kingdom, a state, a county, or a city, or other local district."

If therefore the service in Seminole County of the process issued from the County Judge's Court of Duval County was a valid service it must be so by virtue of a statute authorizing such service. If there is no such statute then necessarily the service was unauthorized and void, and the order brought here by writ of error for review must be affirmed. Counsel for plaintiffs in error refer to the various statutes on this general subject that have from time to time been enacted in this State, but no useful purpose would be served by discussing them here. It is sufficient to say that there is no statute authorizing the service of the writ of summons issued in the case referred to in this proceeding from the County Judge's Court of Duval County upon the sole defendant in such case in Seminole County where he resides.

By Chapter 4397, Acts of 1895, Laws of Florida, Section 1397 General Statutes of 1906, passed immediately after the decision in the case of Sanchez v. Haynes, *supra,* it is provided that *in all civil causes process when issued out of any Circuit Court of this State, shall run throughout the State,* and be directed to all and singular the sheriffs of the State of Florida, and while Section 2041 General Statutes of 1906, making applicable to

*County Courts in Civil Cases* the rule of practice, pleading and procedure of the Circuit Courts, taken with other statutes, may be regarded as sufficient warrant for the conclusion reached in the case of Ingalls & Bro. v. Merchants' Broom Co., 68 Fla. 369, 67 South. Rep. 106, which decision is relied upon by defendant in error here, it is clear that such statutes do not give effect to a writ of summons issued out of a County Judge's Court in a civil action against a sole defendant beyond the territorial jurisdiction of such court, and authorize the service of such process outside the limits of the jurisdiction of the court issuing it.

If a law of this kind is desirable, it is a matter for legislative, not judicial consideration.

From what has been said, it follows that the judgment should be affirmed.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS. J. J., concur