The Honorable John Norman Harkey Circuit Judge, Sixteenth Judicial District P.O. Box 2656 Batesville, Arkansas 7203
Dear Judge Harkey:
I am writing in response to your request for an opinion on the following question:
 Do I, in my capacity as circuit judge of the 16th Judicial District, have the authority to order officers in another judicial district to serve civil papers and bring before me a person who lives in that other district?
RESPONSE
It is clear, in my opinion, that the answer to this question under the common law is "no." The case law indicates, however, that such power may be conferred by the constitution or by statute. In my opinion, therefore, unless some constitutional provision, statute or applicable court rule invests you with this authority in a particular circumstance, it does not exist.
The most relevant discussion of the question I can find appears in the case of Auditor v. Davies, 2 Ark. 494 (1840). In that case the Arkansas Supreme Court, after setting out the various provisions of the Constitution pertaining to the judicial branch, stated:
 The foregoing clauses of the Constitution have distributed the State into a given number of separate and independent circuits, and they have required and authorized a Judge to be elected and commissioned for each of those circuits, whose power and authority are restricted and limited to the prescribed and ascertained boundaries of his particular district. And the Constitution has, furthermore, established a Circuit Court in each county of the State, and it has fixed and confined its territorial jurisdiction within the boundaries thereof; and to the circumference and extent of those limits each Circuit Court has a superintending power and control over County Courts and Justices of the Peace; and is clothed with ample authority to issue all the necessary writs to carry into effect its general and specified powers. But no writ or process, according to the principles of the common law, can run or be executed beyond the limits of the territorial jurisdiction of the court out of which it issues. It is, then, clearly manifest, as there is a circuit court established for each county in the State, that the court of one county cannot run its writs or process within the boundaries or limits of another county, without some legislative provision upon the subject.
2 Ark. 494, 503.
Obviously, the powers and organization of the judicial branch have been revised since 1840, most recently by Amendment 80 to the Arkansas Constitution. It does not appear, however, that such revisions have affected the pertinent conclusion reached above.
The general rule announced in Auditor v. Davies, above, is consistent with the view held by most other courts addressing the question. As stated, in 21 C.J.S. Courts § 70:
 Courts derive their authority from the sovereign power of the state, and are restricted in its [sic] exercise to the circumscribed limits of the state and beyond such limits their writs and processes, or attempts to exercise authority generally, are without force.
 The territorial limit of the jurisdiction of state courts within the state is defined by statutes and constitutional provisions, and in the absence of a constitutional or statutory provision for extraterritorial jurisdiction, a court created within and for a particular territory within the state is limited in its jurisdiction to such territory.
[Footnotes omitted.] See also, Phillips, County Judge v. State ex rel.Dorner, 75 Fla. 93, 77 So. 665 (1918); and generally, Ballard v. State,209 Ark. 397, 190 S.W.2d 522 (1945).
In my opinion, therefore, the answer to your question is generally "no," absent some particular constitutional or statutory provision, or applicable court rule granting this authority. You have not specified the exact circumstances giving rise to your question (i.e., what type of "officers" in the other judicial district and "civil papers" are at issue). As a consequence, I cannot state with certainty whether any particular provision of law authorizes the action you describe. I will note that Arkansas Rule of Civil Procedure 45 governs the issuance of subpoenas in civil cases, and provides for such service at any place within this state. The court may issue an arrest warrant under Rule 45(g) to enforce compliance with the subpoena. In addition, there are provisions of law authorizing service on defendants outside the territorial jurisdiction of the circuit court. See e.g., A.C.A. §16-60-117 (authorizing summons to be served in certain actions on defendants in any county in this state) and generally A.C.A. §§ 16-4-101
— to 108 (the "Uniform Interstate and International Procedure Act"). Without a more particular description of the question at hand, however, I am constrained to opine in the above general fashion.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh